Charles Thomas CROWE, Petitioner,

v.

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Respondent.

Alfred Lee WALLIS, Petitioner,

v.

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Respondent.

Nos. A–11364, A–11365.

Supreme Court of Texas.

July 20, 1966.

Rehearing Denied Oct. 5, 1966.

Gibson, Ochsner, Harlan, Kinney & Morris, James H. Doores, with above firm, Amarillo, for petitioner, Charles Thomas Crowe.

Folley, Snodgrass, Calhoun & Kolius, Joe Bob Brown, with above firm, Amarillo, for petitioner, Alfred Lee Wallis.

Naomi Harney, County Atty., Charles Fairweather, Asst. County Atty., Amarillo, for respondent.

Everett Lord, Beaumont, amicus curiae on briefs in favor of petitioners.

STEAKLEY, Justice.

These are drivers' license suspension proceedings, consolidated on appeal, in which the judgments of the County Court-at-Law of Potter County, sustaining the motions for summary judgment of the Department of Public Safety, and hence upholding the suspensions, were affirmed by a divided

Court of Civil Appeals. Crowe and Wallis v. Department of Public Safety, 399 S.W. 2d 176. We reverse the judgments below and render judgment for petitioners.

As procedurally provided in Article 6687b, Section 22, Vernon's Annotated Civil Statutes, the Department of Public Safety suspended the driver's license of petitioner Crowe for three months and that of petitioner Wallis for four months. The Department acted under that portion of Section 22(b) reading as follows:

"The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this Section is granted the Department upon determining after proper hearing as hereinbefore set out that the licensee:

" * * *

"4. Is an habitual violator of the traffic law. The term 'habitual violator' as used herein, shall mean any person with four or more convictions arising out of different transactions in a consecutive period of twelve (12) months, or seven (7) or more convictions arising out of different transactions within a period of twenty-four (24) months, such convictions being for moving violations of the traffic laws of the State of Texas or its political subdivisions."

In *Crowe*, the affidavit of the judge of the Corporation Court in which Crowe purportedly suffered the supporting traffic violation convictions was offered in support of Crowe's motion for summary judgment in the County Court-at-Law. The affidavit of the judge was in part as follows:

"I am judge of the Corporation Court in Amarillo, Texas, and all records of the Clerk of the said Court are kept under my direction and control. The following traffic tickets for offenses alleged to have been committed on the dates listed below by Charles Thomas Crowe were disposed of by the Clerk of this Court: [five separate offenses listed] * * *.

"If the Court had heard a plea and made a finding and assessed a fine, the Court's signature or initials would appear on the face of the ticket. Each ticket shows on its face to have been disposed of by payment of a fine at the window of the Clerk of this Court. * * *

" * * * There is no other instrument or record of these tickets or their disposition with this Court or with the Clerk of this Court."

In *Wallis*, there was a similar affidavit offered for the same purpose which stated in part:

"I am one of the Judges of the Corporation Court of the City of Amarillo, Texas, and I am well familiar with the records by the Clerk of said Court, as said records are kept under my direction, supervision, and control. The records of the Corporation Court of the City of Amarillo, Texas, reflect that the following tickets were issued to Alfred Lee Wallis on the dates set out below, to-wit: [five separate offenses listed].

"I know of my own knowledge that the disposition of these tickets were not made by a Judge of the Corporation Court for the City of Amarillo, but were made by the Clerk of this Court. * * *

" * * * and each ticket * * * shows on its face to have been disposed of by payment of a fine at the window of the Clerk of this Court.

" * * * and that no other record concerning the incident set out in said tickets appear anywhere else in the official Court records of the Corporation Court of the City of Amarillo, Texas."

These affidavits by the judge establish that no judgments were entered in the Corporation Court in any of the traffic violation transactions upon which the Department of Public Safety rested its suspension of the drivers' licenses of Crowe and Wallis. All that happened was that Crowe and Wallis paid fines to the Clerk. Consequently, the problem is not one of impeaching judgments of convictions supporting a driver's license suspension as in Texas Department of Public Safety v. Richardson, 384 S.W.2d 128 (Tex.Sup. 1964). Here the record affirmatively shows the nonexistence of any judgments of conviction, and the question of affording verity until judgments are set aside by a court having jurisdiction to do so is not presented.

■ Moreover, these affidavits by the Judge show the absence of a record of any judgments as is required by Article 6701d, Section 152, V.A.C.S., and contradict the notices of conviction upon which the license suspensions by the Department were based; the presumption that such notices reflect judgments of a court is therefore destroyed. Cf. Texas Department of Public Safety v. Miller, 386 S.W.2d 760 (Tex. Sup.1964).

■ Under Section 22(b) of Article 6687b, the Department was authorized to suspend the drivers' licenses of Crowe and Wallis as habitual violators of the traffic laws upon the basis of their having been convicted of four or more moving violations within a consecutive period of twelve months. The suspension orders of the Department here in question must fall since it affirmatively appears there were no judgments of conviction in the supporting traffic violation transactions.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and judgment is here rendered for Petitioners setting aside the action of Respondent in suspending Petitioners' drivers' licenses.