Wayne Gilbert WELCH, Appellant,

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 7647.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 17, 1966.

Harris E. Lofthus, Amarillo, for appellant.

George E. Dowlen, Canyon, for appellee.

DENTON, Chief Justice.

This is a driver's license suspension case in which the trial court sustained a motion for summary judgment of the Department of Public Safety, suspending the license of appellant, Wayne Gilbert Welch. Appellant has timely perfected this appeal. No brief has been filed by the Department.

The sole question is whether or not the Department of Public Safety was authorized to suspend appellant's driver's license as an habitual violator of the traffic laws upon the basis of appellant having been convicted of four or more moving violations within a period of twelve months under the provisions of Article 6687b, Section 22(b), Vernon's Ann.Civ.St. No question is raised relative to the procedural steps taken by the Department in suspending appellant's license. The four notices of conviction, which form the basis of the suspension, show four moving traffic violations within a period from June 17, 1963 to November 6, 1963. One notice shows a plea of guilty by appellant in the Justice Court of Amarillo, Texas and the other three relate to proceedings had in the Corporation Court of Amarillo. The latter three notices show on their face the following notation: "Defendant did not appear in open court. Fine paid at window in clerk's office." These notices of conviction carry the identical notation and came from the same Corporation Court as those in Crowe v. Texas Department of Public Safety and Wallis v. Texas Department of Public Safety, (Supreme Court) 406 S.W.2d 201, motion for rehearing overruled October 5, 1966. The only distinction in those cases and the case at bar is that in the former, the record contained an affidavit by the Judge of the Corporation Court which stated in substance that the alleged offenses were disposed of by the clerk of the court and no disposition of the tickets were made by the judge. This same information appears on the notices of conviction themselves upon which the Department relies for the suspension here. It is to be further noticed the space which is to be used to indicate how a defendant has pleaded is left blank. This omission on all three notices of conviction, coupled with the notation quoted brings this case squarely under the rule of the Crowe and Wallis cases. Here, as in Crowe and Wallis, all that happened was that Welch paid fines to the clerk. Thus, the question of impeachment of the judgments of conviction is not raised. Under this record there can be no presumption that the notices reflect judgments of the court. It affirmatively appears there were no judgments of conviction to support the allegation appellant

was an habitual violator of the traffic laws under Section 22(b) of Article 6687b. It necessarily follows that the suspension order of the Department of Public Safety is unenforceable.

The judgment of the trial court is reversed and judgment is here rendered for appellant that the Department's action in suspending appellant's driver's license is set aside.

Reversed and Rendered.