TEXAS DEPARTMENT OF PUBLIC
SAFETY, Petitioner,

v.

John Smith CASSELMAN, Jr. and Odie
Lavoy Morris, Respondents.

No. B–128.

Supreme Court of Texas.

June 28, 1967.

Willie B. DuBose, County Atty., Midland, for petitioner.

Stubbeman, McRae, Sealy & Laughlin, Rush Moody, Jr., Midland, for respondents.

NORVELL, Justice.

These are driver's license suspension cases. John Smith Casselman, Jr. and

Odie Lavoy Morris brought separate suits against the Texas Department of Public Safety praying that the affirmative findings of a Justice of the Peace that both of them were habitual violators of the traffic laws of the State of Texas be set aside and that the orders of the Texas Department of Public Safety suspending their operator's licenses be held for naught. In both cases (No. 5820, Casselman, and No. 5838, Morris), the plaintiffs and the Department filed motions for summary judgment. See, Article 6687b, § 22(b) (4), and Article 6687b,[1] and Texas Department of Public Safety v. Richardson, 384 S.W.2d 128 (Tex.Sup.1964), as to procedure. The Department relied upon abstracts of judgments duly certified in accordance with the provisions of Article 6701d, § 152. Casselman and Morris relied upon affidavits that they had not personally appeared in court when judgments of conviction were rendered against them. The County Court of Midland County rendered summary judgment for both Casselman and Morris. The Department appealed both cases and the Court of Civil Appeals affirmed. 410 S.W.2d 523.

■ The judgments of the Court of Civil Appeals and the County Court of Midland County are reversed and judgment here rendered in Cause No. 5820 (Casselman) and in Cause No. 5838 (Morris), granting the motions for summary judgment filed in said causes by the Department of Public Safety and decreeing that Casselman and Morris take nothing against said department. The validity of the orders suspending Casselman's Texas Operator's License No. 0404723 for four months and suspending Morris' Texas Operator's License No. 4010088 for two months is sustained.

In Texas Department of Public Safety v. Richardson, 384 S.W.2d 128 (Tex.Sup. 1964), a driver's license case, we discussed both Article 580, Vernon's Ann.Code of Criminal Procedure, and Padillo v. State,

159 Tex.Cr.R. 435, 264 S.W.2d 715 (1954), and said:

"[I]t should be made abundantly clear that in this case we are not concerned with criminal penalties but rather with an administrative and regulative power vested in the Texas Department of Public Safety which power has for its purpose the protection of the lives and property of those using the highways. A driver's license is not suspended for the purpose of visiting additional punishment upon an offender but in order to protect the public against incompetent and careless drivers. * * *"

Cases in which criminal punishments or enhancements of criminal punishment are sought to be avoided by attacks in courts having criminal jurisdiction are not apposite here. This is not a criminal case but one to determine whether a party's privilege to drive a motor vehicle over the highways of Texas should be suspended in the interest of public safety. It may be that if a jail sentence were assessed because of the violation of a traffic safety rule, and a defendant could show upon the trial that he neither appeared in person nor by attorney, he could secure his release by writ of habeas corpus issued by a court of proper jurisdiction, but such circumstance does not bear upon the issue involved in a driver's license suspension case. Both petitioners cite an opinion by the Attorney General dated November 23, 1963 which is of no aid to them as it relates primarily to direct attacks by appeal and does not purport to discuss the statute relating to the suspension of a driver's license. The judgments of conviction involved in this proceeding have not been attacked by motion for new trial, by appeal, bill of review, habeas corpus or other proceeding in a court having criminal jurisdiction.

In habeas corpus cases, courts have quite generally referred to the attack as being collateral in nature and if successful, the

---

1. Article references are to Vernon's Ann.Tex.Stats.

judgment is said to be "void". This nomenclature has given rise to some misunderstanding. It has been said that a "void" judgment is "null within itself" and may be simply ignored. In Murchison v. White, 54 Tex. 78 (1880), it was said:

"It is believed that a careful analysis of the cases on this subject will show that, in a collateral proceeding, the only contingency in which the judgment of a domestic court of general jurisdiction, which has assumed to act in a case over which it might by law take jurisdiction of the subject matter and the person, can be questioned, is when the record shows *affirmatively* that its jurisdiction did not attach in the particular case. * * *"

██ The inquiry upon application for writ of habeas corpus, however, extends beyond the questions of jurisdiction of the subject matter and of the person of the defendant. For a judgment to withstand the attack, the court rendering the judgment must have had authority to render the particular judgment which was rendered by it. In re Duncan, 42 Tex.Cr.R. 661, 62 S.W. 758 (1901), 27 Tex.Jur.2d 675, Habeas Corpus, § 12. When the question is properly raised, an examination of the evidence is conducted to determine if there is *any* evidence to support an order of incarceration or whether there has been a violation of constitutional rights. Ex parte Cardwell, 416 S.W.2d 382 (Tex.Sup.1967); Ex parte Helms, 152 Tex. 480, 259 S.W.2d 184 (1953); Ex parte White, 154 Tex. 126, 274 S.W.2d 542 (1955). In a note relating to Ex parte Betherum, 153 Tex. 563, 272 S.W. 2d 85 (1954), it is said in Lowe & Archer, Injunctions and Other Extraordinary Proceeding, p. 206, Habeas Corpus, § 212, that:

"The inquiry which the courts make in determining whether or not an order committing a person for contempt is void, in habeas corpus proceedings, is much broader than in other proceedings where collateral attacks are made on judgments and orders of courts. The court will inquire into the evidence presented at the hearing of the contempt proceeding to ascertain whether or not there is *any* evidence to support the order, and if there is none, the order will be stricken down and the relator discharged. * * *"

██ Although the record supporting a judgment may carry the seeds of infirmity that prove fatal to the judgment when exposed upon a direct attack or in a habeas corpus proceeding, it cannot be said that any and all persons may ignore the judgment before it is pronounced invalid or void by proper authority. In this case, the County Judge was not considering a direct attack or conducting a habeas corpus hearing and was no more authorized to ignore the judgments of convictions than would a prison warden be justified in discharging a prisoner before the judgment convicting such prisoner had been declared invalid by a court of competent jurisdiction. There are proper methods and competent tribunals to accomplish the destruction of judgments, but a collateral attack in a proceeding such as this is not one of them.

Apparently the petitioners here did not take the trouble to contest the charges made against them in the criminal courts but contented themselves with paying comparatively small fines and allowing judgments of conviction to be entered against them. Then, based upon the record thus made or which they allowed to stand, they now seek to make the convenience afforded them a ground for attacking the judgments of convictions rendered against them. They have attempted to do what Richardson and Miller sought to accomplish in Texas Department of Public Safety v. Richardson, supra, and Texas Department of Public Safety v. Miller, 386 S.W.2d 760 (Tex.Sup. 1964), namely, show by affidavits that in the proceedings wherein they were convicted of moving traffic violations, they did not appear in person or by attorney. We need not set out the procedure whereby the suspension of automobile driver's licenses is accomplished. That has been heretofore done in *Richardson* and *Miller*. Judging

from the briefs, however, we may with some profit discuss a matter of evidence which is presented by the use of abstracts of judgment prepared in accordance with Article 6701d, § 152. This section provides:

"(a) Every magistrate or judge of a court not of record and every clerk of a court of record shall keep a full record of every case in which a person is charged with any violation of this Act or of any other law regulating the operation of vehicles on highways.

"(b) Within ten (10) days after conviction of forfeiture of bail of a person upon a charge of violating any provision of this Act or other law regulating the operation of vehicles on highways, every said magistrate of the court or clerk of the court of record in which such conviction was had or bail was forfeited shall prepare and immediately forward to the department an abstract of the record of said court covering the case in which said person was so convicted or forfeited bail, which abstract must be certified by the person so required to prepare the same to be true and correct.

"(c) Said abstract must be made upon a form furnished by the Department and shall include the name and address of the party charged, the number, if any, of his operator's, commercial operator's, or chauffeur's license, the registration number of the vehicle involved, the nature of the offense, the date of hearing, the plea, the judgment, or whether bail forfeited and the amount of the fine or forfeiture as the case may be.

"(d) Every court of record shall also forward a like report to the department upon the conviction of any person of negligent homicide or any felony in the commission of which a vehicle was used.

"(e) The failure, refusal, or neglect of any such judicial officer to comply with any of the requirements of this Section

shall constitute misconduct in office and shall be grounds for removal therefrom.

"(f) The department shall keep all abstracts received hereunder at its main office."

The statute makes it mandatory for a magistrate or judge of a court not of record and every clerk of a court of record to keep a full record of all cases in which a person is charged with a violation of the Uniform Act Regulating Traffic on Highways. It is further made the duty of such magistrate, judge or clerk to prepare and forward to the Department of Public Safety upon a prescribed form an abstract of each judgment of conviction or forfeiture of bail, and the failure to comply with the requirements of said section is made a ground for removal from office.

The abstracts of judgments provided for by Article 6701d, § 152, are admissible in evidence under the provisions of Article 3731a, Vernon's Ann.Tex.Stats., as they are certificates or reports made by an officer of this state or a governmental subdivision thereof in the performance of the functions of his office. See, Texas Department of Public Safety v. Richardson, supra, and authorities therein cited. Such abstracts of judgments, which are quite generally referred to as notices of conviction, purport to be statements of information disclosed by the record which the judge or magistrate is required to keep. They constitute prima facie evidence of the contents of a judgment. However, as we stated in Texas Department of Public Safety v. Miller, Tex., 386 S.W.2d 760, 1. c. 764:

"If the notice of a conviction be inaccurate it may be corrected by the use of properly authenticated copies of the docket of the justice of the peace or the corporation judge as was done in Department of Public Safety v. Guleke, Tex. Civ.App., 366 S.W.2d 662, no wr. hist. (1963). In fact, the notices or abstracts may be corrected by either party but until corrective measures are taken, such no-

tices or abstracts are to be accepted as evidence of 'the matters stated herein.'"

In Crowe v. Texas Department of Public Safety, 406 S.W.2d 201 (Tex.Sup.1966), we were confronted with an affidavit or sworn certificate executed by the magistrate in whose court Crowe had been purportedly convicted which stated that there was *no record* in his court showing that Crowe had been convicted of a moving traffic violation. Such certificate was admissible in evidence under the provisions of Article 3731a, § 5, relating to "Proof of Lack of Record," viz.:

"A written statement signed by an officer having the custody of an official record, or by his deputy, that after diligent search no record or entry of a specified tenor is found to exist in the records of his office, accompanied by a certificate as above provided, is admissible as evidence that the records of his office contain no such record or entry."

The situation disclosed by *Crowe* is unusual. A conflict of certificates was involved. The magistrate certified to the Department of Public Safety that according to the records of his court, Crowe had been convicted of a number of moving traffic violations. Then upon the county court hearing relating to the suspension of Crowe's license, the same magistrate certified that there were no records in his court showing that Crowe had been convicted of a moving traffic violation. A statement purportedly taken from a non-existent record lacks probative force. This was made clear by our statement in Crowe that:

"[T]hese affidavits by the Judge show the absence of a record of any judgments as is required by Article 6701d, Section 152, V.A.C.S., and contradict the notices of conviction upon which the license suspensions by the Department were based; the presumption that such notices reflect judgments of a court is therefore destroyed. Cf. Texas Department of Public Safety v. Miller, 386 S.W.2d 760 (Tex. Sup.1964)."

Our conclusion in *Crowe* was that since the prima facie presumption of conviction ordinarily established by the abstracts of judgment was destroyed; and such abstracts constituted the only evidence in the record relied upon to show that Crowe had been convicted, there was no competent evidence of such convictions, and hence the suspension order could not stand.

There is no conflict between *Richardson* and *Crowe*. The Crowe case turns upon the lack *of a record of conviction* as an evidentiary matter. The present cases are controlled by *Richardson* and judgment is rendered as heretofore indicated.

Reversed and rendered.