**Patrick Michael REED, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 7827.

Court of Civil Appeals of Texas.

Texarkana.

July 18, 1967.

Rehearing Denied Aug. 8, 1967.

James E. Bock, Waco, for appellant.

Henry Wade, Dist. Atty., John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

FANNING, Justice.

A driver's license suspension case. The Texas Department of Public Safety obtained an affirmative finding from the corporation court of Dallas County, Texas, finding appellant to be an habitual violator of the traffic law of Texas, and suspending his driving license and driving privileges. Appellant appealed to the County Court at Law No. 1 of Dallas County, Texas. Trial was had in the said county court at law, and the court after hearing the evidence adduced, found that appellant had been convicted of four moving traffic violations occurring within a twelve months period of time, which made appellant an habitual violator of the traffic law of Texas, as defined by Article 6687b, § 22, Vernon's Annotated Texas Civil Statutes, and the judgment of the trial court provided for the suspension of appellant's driving license and driving privileges for a period of eight months. Appellant has appealed from said judgment.

Appellant presents a single point of error which reads as follows:

"The trial court erred in finding appellant to be a habitual violator of the traffic law in Texas and in suspending his driving licenses and driving privileges as one of the four convictions relied upon was void and could not support such a finding."

The record shows four judgments of convictions of appellant for four moving traffic violations within a period of twelve months. Appellant attacks only one of these judgments, to-wit, a judgment convicting appellant of violation of the law with respect to speeding, on November 18, 1965, upon a public road in Kaufman County, Texas, which judgment of conviction was in the Justice Court, Precinct 2, Kaufman County, Texas. There is in

the record a judgment of conviction in this case which is regular on its face. (The record also contains abstracts of judgments in the four cases regular in form and duly certified in accordance with Article 6701d, § 152, Vernon's Annotated Texas Civil Statutes). This judgment of conviction has not been attacked by motion for new trial, by appeal, bill of review, habeas corpus, or other proceeding in a court of criminal jurisdiction. Appellant contends the said judgment was void because he did not appear in court and enter a plea in the cause. Appellant paid the fine assessed against him by mail.

Appellant's point is without merit under the record in this case. We affirm the judgment of the trial court under authority of the recent case of Texas Department of Public Safety v. Casselman (Morris), 417 S.W.2d 146, which opinion was rendered by the Supreme Court of Texas on June 28, 1967.