450 P.2d 419

Application of J. D. HATHCOCK for an
Alternative Writ of Mandamus.

David H. CAMPBELL, Superintendent of the
Motor Vehicle Division of the Arizona
Highway Department, State of Arizona, Ap-
pellants,

v.

J. D. HATHCOCK, Appellee.

No. I CA–CIV 723.

Court of Appeals of Arizona.

Feb. 13, 1969.

entered because the Highway Department had received a record of conviction of a charge of driving a vehicle while ·under the influence of intoxicating liquor. This was the petitioner's second conviction within a twenty-four month period.

The petitioner contends that, in connection with the purported second conviction, no complaint charging him with this offense was ever filed, he was not advised of the nature of the charges against him, he was convicted without being accorded a trial, and without having pleaded guilty, and that an illegal sentence was imposed upon him, in that he was originally fined $125, but was subsequently, without any authority on the part of the justice of the peace to amend the sentence, sentenced to a fine of $150 and fifteen days in jail.[1] In appealing from the judgment of the superior court, setting aside the revocation of the petitioner's license, the State does not question that, if the defects alleged are true, the conviction would be invalid, but contends that these purported defects may not be raised in this proceeding directed against the Superintendent of the Motor Vehicle Division. With this position, we agree.

In rendering its judgment, which "reversed" the revocation order of the Superintendent, the trial court took the position that the petition for writ of mandamus before it would be treated as a complaint for review under the Administrative Review Act, A.R.S. § 12–901 et seq. With its refusal to be straitjacketed by labels placed upon petitions for relief, this court is in full accord. See Goodman v. State, 96 Ariz. 139, 393 P.2d 148 (1964); State ex rel. Roman v. Superior Court in and for County of Maricopa, 95 Ariz. 319,

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Robert V. Kerrick, Asst. Atty. Gen., for appellants.

Gerald A. Machmer, Phoenix, for appellee.

MOLLOY, Chief Judge.

This appeal challenges the power of the superior court to reverse an order of the Superintendent of the Division of Motor Vehicles of the Arizona Highway Department, which order revoked the driver's license of the petitioner-appellee. This case originated in the superior court as a petition for writ of mandamus directed at the Superintendent. The order of revocation which is the subject of this petition was

1. The disposition accorded this appeal makes it unnecessary to give special consideration to this last asserted defect. Petitioner relies upon State v. Bigelow, 76 Ariz. 13, 258 P.2d 409, 39 A.L.R.2d 979 (1953), holding that, after a convicted person has " * * * entered upon the execution of a valid sentence * * *," the court has " * * * no jurisdiction * * *" to amend the sentence (76 Ariz.

18, 258 P.2d 412). Under a statute analogous to our A.R.S. § 28–445 (see n. 2, infra), the Utah Supreme Court has held that revocation of a license because of the conviction is proper, though the sentence imposed was illegal and "void." Emmertson v. State Tax Commission, 93 Utah 219, 72 P.2d 467, 113 A.L.R. 1174 (1937).

390 P.2d 109 (1964); and Application of Buccheri, 6 Ariz.App. 196, 431 P.2d 91 (1967). But, we are satisfied that this Act does not provide a method of upsetting a conviction in a justice of the peace court.

The statute under which this revocation order was entered makes it "mandatory" upon the Superintendent to forthwith revoke an operator's license "* * * upon receiving a record of the operator's * * * conviction of any of the following offenses, when the conviction has become final * * *." A.R.S. § 28–445.[2] The special right to appeal contained within this chapter dealing with the suspension and revocation of drivers' licenses, A.R.S. § 28–451, specifically excepts from its provisions an order of revocation which is "mandatory." Accordingly, we do not conceive that the Administrative Review Act provides any recourse as to this order,[3] but if it does, it fails here because the final object of this judicial challenge is a judgment of a court within the integrated judicial system of this state. Ariz.Const. art. 6, § 1, A.R.S.

In the case at bar, there is no question but what there was filed with the Superintendent a proper certificate of conviction of the second offense, driving-under-the-influence charge, as required of the justice of the peace of the Camp Verde Precinct, Yavapai County, by A.R.S. § 28–444 subsec. B.[4] It is the petitioner-appellee's contention that the procedural defects alleged in his petition, as to which he testified in the lower court, and as to which there was no testimony offered in rebuttal by the State, render the second conviction "invalid" or "void" and therefore the trial court rightfully reversed the order of revocation.

The purpose of this judicial proceeding is manifest. It is to avoid the revocation of an operator's license to drive a motor vehicle in this state. The setting aside of the conviction in the justice court is a necessary, but only incidental, objective of the suit. As such, this is clearly a "collateral" rather than a "direct" attack upon the judgment of conviction. State ex rel. Morrison v. McCarrell, 80 Ariz. 243, 249, 295 P.2d 1088 (1956); Cox v. Mackenzie, 70 Ariz. 308, 219 P.2d 1048 (1950); Schuster v. Schuster, 51 Ariz. 1, 73 P.2d 1345 (1937); Dockery v. Central Arizona L. & P. Co., 45 Ariz. 434, 45 P.2d 656 (1935); Tube City Min. etc., Co. v. Otterson, 16 Ariz. 305, 146 P. 203, L.R.A.1916E, 303 (1914). In *Schuster,* our Supreme Court said:

> "If the attack be collateral in its nature, an attack may not be made even on the ground of fraud; the only question being whether it is void upon its face." 51 Ariz. 5, 73 P.2d 1347.

2. A.R.S. § 28–445, as amended, reads in pertinent part:
   "The department shall, in addition to the grounds for mandatory revocation provided for in the uniform act regulating traffic on highways, forthwith revoke the license of an operator or chauffeur upon receiving a record of the operator's or chauffeur's conviction of any of the following offenses, when the conviction has become final:
   *   *   *   *   *
   "7. Conviction, or forfeiture of bail not vacated, upon a second or subsequent charge of driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor, committed within a period of twenty-four months."

3. A.R.S. § 12–902, subsec. A reads, in pertinent part:
   "This article applies to and governs every action to review judicially a final decision of an administrative agency *except* the state department of public welfare, *or where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review."* (Emphasis added.)

4. "Every court having jurisdiction over offenses committed under this chapter, or any other law of this state or municipal ordinance regulating the operation of motor vehicles on highways, shall forward to the department a record of the conviction of a person in the court for a violation of any laws other than regulations governing standing or parking, and may recommend the suspension of the operator's or chauffeur's license of the person so convicted." A.R.S. § 28–444, subsec. B.

■ The petitioner's proof clearly falls short of showing that this conviction was "* * * void upon its face." No attempt was made to bring before the superior court the criminal docket of the justice court.[5] The certificate of conviction appears to be without irregularity. It shows a plea of guilty on the part of the petitioner, a court finding of guilty as to a criminal charge within the jurisdictional limits of the justice court,[6] and within the limits of penalty prescribed for the crime as to which the petitioner is certified to have been convicted.[7] Applying the above-quoted expression from *Schuster*, in a doctrinaire manner, this attack would fail.

■ Though we do not find it yet articulated in the decisions of our Supreme Court, we anticipate that not all "collateral" attacks will be found to be impotent to remedy the serious defects in procedure alleged in this case. Our Supreme Court has indicated that it regards a writ of habeas corpus to be a "* * * collateral attack of a civil nature upon the validity * * *" of a criminal judgment. Oswald v. Martin, 70 Ariz. 392, 397, 222 P.2d 632, 635 (1950). Nevertheless, if the petitioner, while incarcerated under the sentence imposed by the justice court for the conviction attacked here, had petitioned a court of competent jurisdiction for a writ of habeas corpus, we would anticipate that such an attack

would not be regarded so "collateral" as to bar the raising of the purported defects charged in this petition. In *Buccheri, supra,* this court took the view that the voluntariness of a plea of guilty could be attacked by a writ of habeas corpus. The attack made in *Buccheri* we regarded as having constitutional dimensions; the allegations of improprieties here certainly have no less stature.[8]

The Supreme Court of Texas, when faced with an analogous procedural problem to that presented here, solved it in this way:

"Cases in which criminal punishments or enhancements of criminal punishment are sought to be avoided by attacks in courts having criminal jurisdiction are not apposite here. This is not a criminal case but one to determine whether a party's privilege to drive a motor vehicle over the highways of Texas should be suspended in the interest of public safety. It may be that if a jail sentence were assessed because of the violation of a traffic safety rule, and a defendant could show upon the trial that he neither appeared in person nor by attorney, he could secure his release by writ of habeas corpus issued by a court of proper jurisdiction, but such circumstance does not bear upon the issue involved in a driver's license suspension case. Both petitioners cite an opinion by the Attor-

---

5. A.R.S. § 22–312 requires the justice court to maintain a criminal docket of each criminal action and all proceedings taken therein.

6. A.R.S. § 22–301, as amended, reads in pertinent part:
    "The justice of the peace courts shall have jurisdiction of the following offenses committed within their respective precincts in which such courts are established, subject only to the right to change of venue as provided by law:
    *　　*　　*　　*　　*
    "4. Misdemeanors and criminal offenses punishable by a fine not exceeding three hundred dollars, or imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment."

7. A.R.S. § 28–692.01 provides for a penalty on first conviction of driving under

the influence of not less than ten days nor more than six months imprisonment and/or by a fine of not less than $100 nor more than $300. For a second offense, within a period of twenty-four months, the statute provides that the offender shall be punished by imprisonment for not less than fifteen days nor more than six months and, in the discretion of the court, by a fine of not less than $150 nor more than $300.

8. In addition to whatever due process violations there may be inherent in the alleged procedural defects, the asserted lack of formality on the part of the justice of the peace would be a clear violation of Rules III, VI and VIII, Rules of Procedure in Traffic Cases, adopted by the Supreme Court of Arizona, effective July 1, 1963, 17 A.R.S. pocket part.

ney General dated November 23, 1963 which is of no aid to them as it relates primarily to direct attacks by appeal and does not purport to discuss the statute relating to the suspension of a driver's license. The judgments of conviction involved in this proceeding have not been attacked by motion for new trial, by appeal, bill of review, habeas corpus or other proceeding in a court having criminal jurisdiction.

"In habeas corpus cases, courts have quite generally referred to the attack as being collateral in nature and if successful, the judgment is said to be 'void'. This nomenclature has given rise to some misunderstanding. It has been said that a 'void' judgment is 'null within itself' and may be simply ignored. In Murchison v. White, 54 Tex. 78 (1880), it was said:

"'It is believed that a careful analysis of the cases on this subject will show that, in a collateral proceeding, the only contingency in which the judgment of a domestic court of general jurisdiction, which has assumed to act in a case over which it might by law take jurisdiction of the subject matter and the person, can be questioned, is when the record shows *affirmatively* that its jurisdiction did not attach in the particular case. * * *'"

Texas Department of Public Safety v. Casselman, 417 S.W.2d 146, 147–148 (Tex.1967).

Though the previous Texas decision quoted with approval, supra, in *Casselman,* related to " * * * a domestic court of general jurisdiction, * * *" *Casselman* itself was concerned with " * * * affirmative findings of a Justice of the Peace that both of them [Casselman and another petitioner] were habitual violators of the traffic laws * * *" 417 S.W.2d 147. The charge of driving under the influence here could as well have been tried before the superior court, which has concurrent jurisdiction over misdemeanors. A.R.S. § 12–123. In such a case, the certificate of conviction required by A.R.S. § 28–444, subsec. B (*see* no. 4, *supra*) would have been filed by that court. In our view, there is no critical difference between these two courts that would render the judgment of the one any more subject to indirect attack than the other.

In refusing to equate habeas corpus attack with the attack directed here, we believe it is significant that this attack seeks to require an administrative agency to determine the validity of a judicial proceeding. If the Superintendent's order is to be reversed in this case for the reasons stated in this petition, it must be for the reason that he erroneously failed to question the validity of the certificate of conviction from the justice of the peace. The petitioner has cited no judicial authority sanctioning such administrative review of a judicial proceeding. Case law coming to our attention, all dealing with this type of a collateral attack upon a conviction rendered by a court within the same jurisdiction, uniformly disallows it for reason of its indirection. Such decisions, in addition to *Casselman, supra,* are Gardner v. State, Department of Public Safety, La.App., 198 So.2d 184 (1967); Application of Gross, 284 App.Div. 786, 135 N.Y.S.2d 435 (1954); and Tomlinson v. Texas Department of Public Safety, 429 S.W.2d 590 (Tex.Civ.App.1968).

In refining the law in this area of "collateral" attacks, we conceive that our Supreme Court may wish to make a distinction between a domestic and a foreign judgment, and we limit our holding in this case to an attack upon a judgment rendered within the judicial system of this state, as to which there are available and convenient remedies for the correction of error. We are not here concerned with a question of identity between the person whose license is revoked and the person the subject of a certificate of conviction and therefore this opinion in no way forecloses special writ attack upon a revocation order for this reason.

Neither do we take position as to whether this conviction may still be attacked, after the period of appeal has expired, A.R.S. § 22–371, as amended, by special writ. Though we abjure technical distinctions as to labels placed upon writs, in this regard we see substance rather than form. A special writ, petitioned before an appropriate court to test the validity of this conviction, will necessarily alert the justice of the peace to this charge of having flagrantly violated the rights of the petitioner. Appropriate records will ordinarily come before the reviewing court. By requiring that an attack upon a judgment of a court be more direct than attempted here, the focus of inquiry will ordinarily be the sharper. In effect, the law requires that challenges to judgments of a court occur in the proper field of gravity, so that the programmed goals of our law will more often be achieved.

Judgment reversed with instructions to quash the alternative writ of mandamus.

HATHAWAY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.