THE ATTORNEY GENERAL
OF TEXAS


March 29, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Randy Sikes
Brown County Attorney
Courthouse
Brownwood, Texas   76801

Opinion No. JM-876

Re:   Effect of 1985 amend-
ment to article 27.14, Code
of Criminal Procedure, on
traffic cases in justice of
the peace courts (RQ-1115)

Dear Mr. Sikes:

The questions you ask relate to the use of a  written
notice of a  traffic violation serving  as a complaint  in
justice court under  the conditions set  forth in  article
27.14 of the  Code of Criminal  Procedure.  Article  27.14
provides as follows:

(a) A plea of 'guilty' or a plea of 'nolo
contendere' in  a  misdemeanor case  may  be
made either by the defendant or his  counsel
in open court; in  such case, the  defendant
or his  counsel may  waive a  jury, and  the
punishment may  be  assessed  by  the  court
either upon  or  without  evidence,  at  the
discretion of the court.

(b) A defendant charged with a misdemean-
or for which the maximum possible punishment
is by fine only may,  in lieu of the  method
provided in Subsection (a) of this  article,
mail to the  court a plea  of 'guilty' or  a
plea of 'nolo  contendere' and  a waiver  of
jury trial.  The defendant may also  request
in  writing  that   the  court  notify   the
defendant, at  the  address  stated  in  the
request, of  the amount  of an  appeal  bond
that the court will  approve.  If the  court
receives a plea and  waiver before the  time
the defendant  is  scheduled  to  appear  in
court, the court shall  dispose of the  case
without requiring a court appearance by  the
defendant.   The  court  shall  notify   the

defendant by certified mail, return receipt requested, of the amount of any fine assessed in the case and, if requested by the defendant, the amount of an appeal bond that the court will approve. The defendant shall pay any fine assessed or give an appeal bond in the amount stated in the notice before the 31st day after receiving the notice.

(c) In a misdemeanor case arising out of a moving traffic violation for which the maximum possible punishable [sic] is by fine only, payment of a fine, or an amount accepted by the court constitutes a finding of guilty in open court, as though a plea of nolo contendere had been entered by the defendant.

(d) If written notice of a traffic violation for which maximum possible punishment is by fine only or of a violation relating to the manner, time, and place of parking has been prepared, delivered, and filed with the court and a legible duplicate copy has been given to the defendant, the duplicate copy serves as a complaint to which the defendant may plead 'guilty,' 'not guilty,' or 'nolo contendere.' If the defendant pleads 'not guilty' to the offense, a complaint shall be filed that conforms to the requirements of Article 45.01, Code of Criminal Procedure, 1965, and that complaint serves as an original complaint. A defendant may waive the filing of a sworn complaint and elect that the prosecution proceed on the written notice of the charged offense if the defendant agrees in writing with the prosecution, signs the agreement, and files it with the court. (Emphasis added.)

Your concern appears to be directed to the use of the duplicate copy of the notice as a complaint in justice court following the entry of a plea of guilty or nolo contendere to a moving traffic violation pursuant to section (d) as amended by Senate Bill 392, Acts 1985, 69th Leg., ch. 87, at 514, effective September 1, 1985.

You ask the following questions:

1) Does S.B. 392 apply to Justice Courts or only Municipal Courts?

2) If S.B. 392 applies to Justice Courts, are any requirements necessary to charge an offense?

3) Must the ticket be sworn in order to be used as a complaint?

4) What language is necessary on the ticket for it to be a valid complaint?

5) Should the ticket include any of the following:

    a) in the name and by the authority of the State

    b) Before me the undersigned authority on this day personally appeared your affiant who after being by me first duly sworn says upon his oath that he has good reason to believe and does believe _____

    c) did then and there operate and drive a vehicle _____ upon a public street or highway of Texas

    d) _____ the unreasonable, imprudent and unlawful speed

    e) _____ which was then and there a speed greater than was reasonable and prudent under the conditions then existing _____

    f) the prima facie reasonable and prudent speed was _____

    g) against the peace and dignity of the State

6) Will habitual violator cases have to be dismissed in an administrative hearing on the argument that a conviction cannot be used because of a lack of complaint or a fundamentally defective complaint due to the

use of the ticket as a complaint without any charging material?

7) If the statute applies to Justice Courts and a complaint needs to be made on a plea of not guilty, should the complaints comply with article 45.01 or 45.15?

A review of the history of instruments charging violations in criminal cases in this state is relevant to a determination of the issues you have presented.

Prior to its amendment on November 5, 1985, section 12 of article V of the Texas Constitution provided:

> Sec. 12. All judges of courts of this State, by virtue of their office, be conservators of the peace throughout the State. The style of all writs and process shall be, 'The State of Texas.' All prosecutions shall be carried on in the name and by authority of the State of Texas, and shall conclude: 'Against the peace and dignity of the State.'

After the adoption of the 1985 amendment, section 12 of article V states as follows:

> Judges to be conservators of the peace; indictments and informations.
>
> (a) All judges of courts of this State, by virtue of their office, are conservators of the peace throughout the State.
>
> (b) An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

The bill analysis to S.J.R. 16 proposing the 1985 amendment contains the following comment:

> By omitting the Constitutional language in an indictment, this bill allows for fewer technical conviction reversals if it has been mistakenly omitted from an indictment or information. In addition, the language of an indictment, and other requisites <u>will be amendable by the legislature</u> as the needs of the criminal justice system change. Thereby speeding the trial process and avoiding reversals of cases for mere technicalities that do not affect the substantive rights of defendants. (Emphasis added.)

Bill Analysis to S.J.R. No. 16, 69th Leg. (1985), on file in Legislative Reference Library.

The 1985 amendment omitted the requirement "<u>all prosecutions</u> shall be carried on in the name and by the authority of the State of Texas, and shall conclude, 'against the peace and dignity of the State'." (Emphasis added.)

The courts prior to the 1985 amendment had held that if the foregoing beginning and conclusion were omitted the charging instrument was void. <u>Daniels v. State</u>, 573 S.W.2d 21 (Tex. Crim. App. 1978). The courts reasoned that such omissions were violative of a constitutional mandate and resulted in a void charging instrument. It was held that such a fundamentally defective instrument failed to invoke the jurisdiction of the court. <u>Bruce v. State</u>, 622 S.W.2d 624 (Tex. App. - Amarillo 1981, no writ). The omission of these requirements in the 1985 amendment obviated the <u>constitutional requirement</u> that such language appear in all instruments charging a criminal offense.

In <u>Wilson v. State</u>, 224 S.W.2d 234, 237 (1949) the Court of Criminal Appeals stated, "The jurisdiction of the court is a matter of statutory enactment and authority must be found not only to hear the matter, but also to dispose of the same." The 1985 amendment to section 12 of article V, clearly provides the practice and procedure relating to indictments and information and the sufficiency of their contents are as provided by law. While complaints were not mentioned, absent a constitutional mandate to the contrary, the practice and procedure

relating to complaints and the sufficiency of their contents is a matter for the legislature. In article 27.14 section (d) of the Code of Criminal Procedure, the legislature has provided for a limited use of the notice of the violation to serve as a complaint in pleas of guilty and nolo contendere in traffic and parking violations where the maximum possible punishment is by fine only. Article 6701d, section 148, V.T.C.S., sets forth the requirements for notices in traffic violations, as follows:

> (a) Whenever a person is arrested for any violation of this Act punishable as a misdemeanor, and such person is not immediately taken before a magistrate as hereinbefore required, <u>the arresting officer shall prepare in duplicate written notice to appear in court containing the name and address of such person, the license number of his vehicle, if any, the offense charged, and the time and place when and where such person shall appear in court</u>. (Emphasis added.)

In response to your questions numbered "2" through "5," the requisites of a complaint under the limited conditions provided in section (d) of article 27.14 of the Code of Criminal Procedure are the requirements for a notice set forth in article 6701d, section 148, V.T.C.S.

Your first question relative to whether this provision applies to justice courts appears to have been prompted by the requirement that a complaint be filed conforming to article 45.01, Code of Criminal Procedure, in the event a defendant enters a plea of not guilty and the fact that prior to amendment, section (d) of article 24.17 applied only to parking offenses, violations which commonly occur within the corporate limits of a city. Article 45.01 sets forth the requirements for a complaint in the corporation court. Section (d) in addressing the circumstances in which the notice of violation might be used as a complaint did not limit its use to the corporation court. No other legislation at that or the subsequent 70th Legislature addressed this question. Thus, it is the latest statute of enactment. <u>See</u> Gov't Code §311.025(a). In <u>Vallejo v. State</u>, 408 S.W.2d 113 (Tex. Crim. App. 1966), the court found that article 45.17 of the Code of Criminal Procedure, providing that a defendant shall not be discharged by reason of an informality in a complaint, applied to the corporation court despite the

fact that only the justice court was mentioned in the statute. Undoubtedly, the court's rationale in <u>Vallejo</u> was based on the fact that the charging instrument in both justice and corporation courts is the complaint. That same rationale would appear to be more applicable in the instant case where the legislature has not expressed any intention to limit the procedure outlined for pleas of guilty and nolo contendere to the corporation court. Article 27.14, section (d), Code of Criminal Procedure, applies to both justice and municipal courts.

In your question numbered "6" you ask if convictions alleged in a habitual violator case will withstand attack in an administrative hearing where it is contended "that a conviction cannot be used because of the lack of a complaint or a fundamentally defective complaint due to the use of the ticket as a complaint?" You undoubtedly are making reference to the procedure outlined in section 22 of article 6687(b), V.T.C.S., providing for a hearing to determine whether a recommendation is to be made to the Director of the Department of Public Safety for suspension of the operator's driver's license for a period of not more than one year. Subsection (b) of section 22 sets forth the circumstances under which a suspension is authorized. One of the conditions under which a suspension recommendation is authorized is where the operator "is a habitual violator of the law," defined in subsection (b)(4) as follows:

> The term 'habitual violator' as used herein, shall mean any person with four (4) or more convictions arising out of different transactions in a consecutive period of twelve (12) months, or seven (7) or more convictions arising out of different trans- actions within a period of twenty-four (24) months. (Certain named violations are spec- ifically excluded.)

In <u>Texas Department of Public Safety v. Casselman</u>, 417 S.W.2d 146 (1967), the Texas Supreme Court addressed the question of attacking prior convictions alleged in a section 22, article 6687(b) habitual violator proceeding. In <u>Casselman</u>, the court stated in relevant part as follows:

> '[I]t should be made abundantly clear that in this case we are not concerned with criminal penalties but rather with an administrative and

regulative power vested in the Texas
Department of Public Safety which
power has for its purpose the
protection of the lives and property
of those using the highways. A
driver's license is not suspended for
the purpose of visiting additional
punishment upon an offender but in
order to protect the public against
incompetent and careless
drivers. . . .' [Texas Department of
Public Safety v. Richardson, 384
S.W.2d 128 (Tex. 1964)]

Cases in which criminal punishments or
enhancements of criminal punishment are
sought to be avoided by attacks in courts
having criminal jurisdiction are not
apposite here. This is not a criminal case
but one to determine whether a party's
privilege to drive a motor vehicle over the
highways of Texas should be suspended in the
interest of public safety. It may be that
if a jail sentence were assessed because of
the violation of a traffic safety rule, and
a defendant could show upon the trial that
he neither appeared in person nor by
attorney, he could secure his release by
writ of habeas corpus issued by a court of
proper jurisdiction, but such circumstance
does not bear upon the issue involved in a
driver's license suspension case.

. . . .

Although the record supporting a judgment
may carry the seeds of infirmity that prove
fatal to the judgment when exposed upon a
direct attack or in a habeas corpus
proceeding, it cannot be said that any and
all persons may ignore the judgment before
it is pronounced invalid or void by proper
authority. In this case, the County Judge
was not considering a direct attack or
conducting a habeas corpus hearing and was
no more authorized to ignore the judgments
of convictions than would a prison warden be
justified in discharging a prisoner before
the judgment convicting such prisoner had
been declared invalid by a court of

competent jurisdiction. There are proper methods and competent tribunals to accomplish the destruction of judgments, but a collateral attack in a proceeding such as this is not one of them.

Apparently the petitioners here did not take the trouble to contest the charges made against them in the criminal courts but contented themselves with paying comparatively small fines and allowing judgments of conviction to be entered against them. Then, based upon the record thus made or which they allowed to stand, they now seek to make the convenience afforded them a ground for attacking the judgments of convictions rendered against them.

. . . .

The abstracts of judgments provided for by Article 6701d, §152, are admissible in evidence under the provisions of Article 3731a, V.T.C.S., as they are certificates or reports made by an officer of this state or a governmental subdivision thereof in the performance of the functions of his office. See Texas Department of Public Safety v. Richardson, supra, and authorities therein cited. Such abstracts of judgments, which are quite generally referred to as notices of conviction, purport to be statements of information disclosed by the record which the judge or magistrate is required to keep. They constitute prima facie evidence of the contents of a judgment. However, as we stated in Texas Department of Public Safety v. Miller, Tex., 386 S.W.2d 760.

'If the notice of a conviction be inaccurate it may be corrected by the use of properly authenticated copies of the docket of the justice of the peace or the corporation judge as was done in Department of Public Safety v. Guleke, Tex. Civ. App., 366 S.W.2d 662, no wr. hist. (1963). In fact, the notices or abstracts may be corrected by either party. But until

> <u>corrective measures are taken, such
> notices or abstracts are to be
> accepted as evidence of 'the matters
> stated herein.'</u>   (Emphasis added.)

417 S.W.2d at 147.

The use of the duplicate traffic violation notice  as
a complaint pursuant  to section (d)  of article 27.14  of
the Code of Criminal Procedure,  cannot be attacked in  an
administrative proceeding brought  in an article  6687(b),
V.T.C.S., proceeding to suspend an operators license in  a
"habitual violator"  case.   <u>Casselman</u> provides  that  the
abstracts of judgments and  notices of convictions may  be
corrected if inaccurate, otherwise they are to be accepted
as evidence of  the matters  stated therein.   It will  be
assumed that a direct attack is  not made upon the use  of
such a charging instrument since a conviction can only  be
had under section  (d) where  the plea is  guilty or  nolo
contendere.  You do not ask nor do we explore any possible
attacks which may be made upon the conviction in an appeal
in the criminal context or  by way of habeas corpus.   Any
such determination would necessarily have to be made on  a
case-by-case basis.

In  your  question  numbered  "7"  you  ask  if  the
complaint should  comply  with article  45.01  or  article
45.15 of the Code of  Criminal Procedure in the event  the
defendant enters a  plea of "not  guilty."  Article  45.01
contains the requirements for  a complaint in  corporation
court and provides

> Proceedings in a <u>corporation court</u>  shall
> be  commenced  by  complaint,  which   shall
> begin:  'In the name and by authority of the
> State  of  Texas';  and  shall  conclude:
> 'Against  the  peace  and  dignity  of  the
> State'; and if the  offense is only  covered
> by  an  ordinance,  it  may  also  conclude:
> 'Contrary  to  the  said  ordinance.'   The
> recorder  shall  charge  the  jury  when
> requested in writing by the defendant or his
> attorney.  Complaints before such court  may
> be sworn to before any officer authorized to
> administer oaths  or  before  the  recorder,
> clerk  of  the  court, city  secretary,  city
> attorney or his  deputy, each  of whom,  for
> that purpose, shall have power to administer
> oaths.  (Emphasis added.)

Article 45.15 does not relate to the requirements for a complaint. Articles 45.16 and 45.17 of the Code of Criminal Procedure address the matter of the allegations which must appear in a complaint in justice court. Article 45.16 provides as follows:

> Upon complaint being made before any <u>justice of the peace</u>, or any other officer authorized by law to administer oaths, that an offense has been committed in the county which a justice of the peace has jurisdiction finally to try, the justice or other officer shall reduce the same to writing and cause the same to be signed and sworn to by the complainant. It shall be duly attested by the officer before whom it was made; and when made before such justice, or when returned to him made before any other officer, the same shall be filed by him. (Emphasis added.)

Article 45.17 states as follows:

> Such complaint shall state:
>
> 1. The name of the accused, if known, and if unknown, shall describe him as accurately as practicable;
>
> 2. The offense with which he is charged, in plain and intelligible words;
>
> 3. That the offense was committed in the county in which the complaint is made; and
>
> 4. It must show, from the date of the offense stated therein, that the offense is not barred by limitation.

Article 27.14, section (d), Code of Criminal Procedure, is unambiguous in its requirement that the complaint conform to the requirements of article 45.01. It should be noted that, despite the fact that the 1985 amendment to section 12 of article V of the constitution omitted the requirement that all prosecutions contain the formal beginning and conclusion, article 45.01 has not been amended to remove these requirements. While section (d) of article 27.14 states that upon a plea of "not guilty" a complaint conforming to article 45.01 shall be filed, a safer practice in the justice court would be to

exercise care that the complaint meets the requirements of the three statutes relating to the requisites of complaints in both justice and corporation courts.

Section (d) of article 27.14 of the Code of Criminal Procedure (as amended by S.B. 392, Acts 1985, 69th Leg., ch. 87, at 514, effective September 1, 1985), applies to justice and corporation courts. When the conditions imposed by section (d) for use of a duplicate of the notice as a complaint are met, such notice shall conform to the requirements of section 148 of article 6701d, V.T.C.S. Prior convictions alleged in a habitual traffic violator administrative proceeding held pursuant to section 22 of article 6687(b), V.T.C.S., cannot be attacked on the basis that such convictions are based on a traffic violation notice which serves as a complaint pursuant to section (d) of article 27.14. While section (d) of article 27.14 states that upon a plea of "not guilty" a complaint shall be filed conforming to article 45.01, a safer practice in the justice court would be to exercise care that the complaint conforms to all of the requirements set forth in articles 45.01, 45.16 and 45.17 of the Code of Criminal Procedure.

## S U M M A R Y

Section (d) of article 27.14 of the Code of Criminal Procedure (as amended by S.B. 392, Acts 1985, 69th Leg., ch. 87, at 514, effective September 1, 1985), applies to justice and corporation courts. When the conditions imposed by section (d) for use of the notice as a complaint are met, such notice shall conform to the requirements of section 148 of article 6701d, V.T.C.S. Prior convictions alleged in a habitual traffic violator administrative proceeding held pursuant to section 22 of article 6687(b), V.T.C.S., cannot be attacked on the basis that such convictions are based on a traffic violation notice which serves as a complaint pursuant to section (d) of article 27.14. While section (d) of article 27.14 states that upon a plea of "not guilty" a complaint shall be filed conforming to article 45.01, a safer practice in the justice court would be to exercise care that

the complaint conforms to all of the requirements set forth in articles 45.01, 45.16 and 45.17 of the Code of Criminal Procedure.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General