## EX PARTE JOHN MCNAMARA.

*No. 468.    Decided May 16.*

1.  **Appeal from Justice or Recorder's Court—Jurisdiction—Practice.**—Where a party has been tried and convicted in a Recorder's Court, and gives notice of appeal and files his appeal bond, all further proceedings in the Recorder's Court cease (Code of Criminal Procedure, article 940), and the court to which the appeal has been taken acquires sole and complete jurisdiction, and the case stands for trial as if originally commenced in the higher tribunal.

2.  **Same—Practice where Appellant Fails to Prosecute His Appeal.**—Where an appeal from the Recorder's to the District Court has been perfected, and appellant fails or neglects to appear and prosecute the appeal, the proper practice is to forfeit his appeal bond and order his rearrest. Code Crim. Proc., art. 859; Page v. The State, 9 Texas Crim. App., 466. It is error to dismiss the appeal for want of prosecution, and such a dismissal is a dismissal of the entire prosecution and case.

3.  **Same—Habeas Corpus.**—Where relator, having been convicted and fined in the Recorder's Court, appealed to the District Court, but failed to appear and prosecute the appeal, whereupon the District Court dismissed the appeal for want of prosecution and awarded procedendo to the recorder, and relator being arrested under a subsequent writ issued by the recorder, *Held,* on habeas corpus, that the arrest under the writ issued by the recorder was without authority of law, and that relator was entitled to his discharge.

APPEAL from the District Court of Bexar. Tried below before Hon. GEORGE H. NOONAN.

This appeal is from an order 'and judgment, on habeas corpus, remanding appellant to custody under a warrant of arrest issued by the recorder of the city of San Antonio.

The facts are sufficiently stated in the opinion.

*R. F. Blair,* for relator.—Appellant contends that the rules governing the forfeiture of bail bonds govern also the forfeiture of appeal bonds; that when neither he nor his attorney appeared when his case was called in the District Court of Bexar County, the only remedy the city of San Antonio had was the forfeiture of his appeal bond. Not having so forfeited said appeal bond, but having chosen to have said appeal dismissed for want of prosecution, his case was for that reason dismissed, and he could no longer be lawfully held; that there was no valid judgment against him in the Recorder's Court, because it had been vacated by the filing of his appeal bond according to law. The District Court had no authority to issue to said Recorder's Court its writ of procedendo; and said writ could not be executed by said Recorder's Court, because there was no valid judgment in the Recorder's Court; and that the District Court could not revive the judgment in said Recorder's Court; and that his confinement in said city jail, by virtue of said writ of procedendo, was without authority, oppressive,

and illegal; and the District Court should have so decided and discharged said appellant.

And in support of appellant's contention he cites the following authorities:

1.  When appellant filed in said Recorder's Court a good and sufficient appeal bond, the judgment of that court was thereupon vacated and annulled, and all proceedings in that court ceased.  Code Crim. Proc., art. 940; Moore v. Jordan, 65 Texas, 395; Wahrenberger v. Horan, 2 Texas, 291; Roberts v. McCammet, 70 Texas, 743; Miller v. Holtz, 23 Texas, 139.

2.  When appellant filed his appeal bond in said Recorder's Court, the District Court of Bexar County, Thirty-seventh Judicial District of Texas, thereupon acquired jurisdiction over said case, and should have heard and determined it de novo upon the merits of the case.  Code Crim. Proc., art. 839.

3.  And if prevented from trying said case de novo, because of appellant's and his attorney's absence, the said District Court should have forfeited said appeal bond in the manner provided by statute. Code Crim. Proc., arts. 440, 441, 859; Page v. The State, 9 Texas Crim. App., 469; Johnson v. The State, 32 Texas Crim. Rep., 353.

4.  And having failed to do that, there is no authority to hold appellant, and said case should be reversed and dismissed.

*A. Lewy*, city attorney of San Antonio, for respondent.—Appellant ought not to be discharged from the custody of the marshal on the grounds alleged by the applicant, because it appears therefrom and from the statement of facts that neither the applicant nor his attorney of record was present in court on the day the case was set for trial, or on the day the case was called, and that his appeal was dismissed and a writ of procedendo issued.

We contend that in cases of this kind, where appeals are prosecuted from a city court, that the only thing the court can do is to dismiss the appeal; and that the Recorder's Court can then proceed upon the bond according to its terms by judgment nisi, or a suit on the bond, or it can enforce its judgment by rearresting the defendant and holding him in custody until his fine and costs are paid.  Wooldridge v. Griffith et al., 59 Texas, 290.

In that case it was decided that the extent of the power of the court to which a case is appealed from a city court would be, when he failed to appear and prosecute his appeal, to dismiss the same.  The city could then have proceeded upon the bond according to its terms by judgment nisi, or suit on the bond.

We contend that the remedies for the collection of the fine and costs are cumulative, and while it is true that suit could be brought upon a bond, yet it is equally true, the defendant having failed to comply

with the conditions of his bond, and not appealing with effect, that a dismissal of the appeal is proper, and that he can be rearrested under a writ of procedendo to enforce the judgment of the city court. The defendant certainly has no cause of complaint, as he can easily discharge his obligation by paying the fine and costs imposed by the Recorder's Court, which would settle the controversy.

It is true that in the Page case, 9 Texas Criminal Appeals, the court say, that "If the defendant, having given the appeal bond required by law, had failed to appear either in person or by attorney, the court could have forfeited the appeal bond and ordered scire facias to his sureties under the rules prescribed in article 859;" yet we take it that the court did not mean to say that that was the only remedy that could be followed in cases of that kind. And we submit to the court, that it has never been decided that a forfeiture of an appeal bond from a Justice or Recorder's Court is the only remedy for the collection of the fines and costs imposed by such inferior courts.

DAVIDSON, JUDGE.—The relator was convicted in the Recorder's Court of keeping a disorderly house, and prosecuted his appeal to the District Court. In the latter court the cause was called for trial on the day set for that purpose. The accused failed to appear in person or by attorney, and the cause was dismissed for want of prosecution, at the instance of the State. Procedendo was awarded, appellant arrested, the writ of habeas corpus invoked, trial had thereunder, the relator remanded, and this appeal prosecuted. The appeal from the Recorder's Court was in conformity to law, and the cause properly on the docket of the District Court.

The contention is, that by reason of the above facts the judgment of the Recorder's Court was superseded, the case stood as if originally instituted in the District Court, and the dismissal by the prosecution was a dismissal of the cause, and left no judgment in the inferior court, and the arrest of the relator was without authority of law.

The contention is unquestionably correct under the state of case presented for revision.

The notice of appeal having been given, and the appeal bond executed, the Recorder's Court jurisdiction was suspended, and the cause stood for trial de novo, "the same as if the prosecution had been originally commenced in the appellate court." Code Crim. Proc., arts. 856, 857, 939, 940. When the appeal has been perfected in compliance with the statutory requirements, the inferior court has ceased to have jurisdiction of the cause, and its judgment is superseded. The cause must then be tried de novo in the appellate court. Same authorities.

The *appeal* may be dismissed for want of compliance with the statute, and in such state of case the judgment of the lower court will re-

main in force, because never superseded. But, the appeal being perfect, it can not be dismissed, and in that event the judgment of the inferior court is set aside by reason of such appeal.

The cause then stands for trial as if originally commenced in the higher tribunal. If in the latter case the prosecution is dismissed, the cause passes from the docket the same as if it had been filed originally in that court. This is the only effect that can be given the statutes cited. The State may dismiss the cause, as in other causes, under the terms of articles 38 and 593 of the Code of Criminal Procedure, and when the cause is thus dismissed the accused is entitled to his discharge, for there remains no reason for his further detention.

Failing to appear in person or by counsel, the bond of the accused should be forfeited and his rearrest ordered. Code Crim. Proc., art. 859; Page v. The State 9 Texas Crim. App., 466. "The rules governing the taking and forfeiting of bail bonds shall govern appeal bonds, and the forfeiture and collection of such appeal bonds shall be in the County Court to which such appeal is taken," is the language of the statute. Code Crim. Proc., art. 859.

The relator was entitled to his discharge; the arrest complained of was without authority of law, wherefore the judgment remanding him to custody is set aside and reversed, and the relator is discharged.

*Reversed and relator discharged.*

Judges all present and concurring.