## Ex Parte Walter Hoard, alias Buddy George.

### No. 1566.    Decided November 1, 1911.

**1.—Gaming—Appeal—Justice Court—County Court.**

After an appeal was taken from the Justice to the County Court, no further process could be issued from the Justice Court.

2.—Same—Limitation—Misdemeanor.

    After the expiration of two years from the time of the alleged misdemeanor, no prosecution could be had; and where relator plead guilty in the Justice Court to playing at a game of cards to an affidavit which had been filed more than two years since the time of the commission of the offense, the judgment is void and he must be released on habeas corpus. A plea in bar is not required.

    Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

    Appeal from a habeas corpus proceeding denying release of relator under a void judgment, assessing a fine of $10 against relator.

    The opinion states the case.

    *Claud C. Westerfeldt, Wiley & Baskett,* for appellant.—On question of limitation: Bingham v. State, 2 Texas Crim. App., 21; Shoefercator v. State, 5 Texas Crim. App., 207; Vincent v. State, 10 Texas Crim. App., 331; Wolfe v. State, 25 Texas Crim. App., 698; Carr v. State, 36 Texas Crim. Rep., 390; Hickman v. State, 44 Texas Crim. Rep., 533, and cases cited in opinion.

    On question of void judgment: Holman v. Mayor of Austin, 34 Texas, 668.

    On question of jurisdiction of Justice Court: Moore v. Jordan, 65 Texas, 395; Roberts v. McCalmut, 70 Texas, 743, and cases cited in opinion.

    *C. E. Lane,* Assistant Attorney-General, for the State.

    DAVIDSON, Presiding Judge.—The relator was convicted in the Justice Court for the offense of gaming. His fine was fixed at ten dollars. A commitment was issued about the 23d of September, or between that date and the first of October, and he was put to work to pay out the fine.

    The facts show that Arrington, constable of precinct No. 7, Dallas County, made an affidavit against relator on the 28th day of June, 1909, charging relator with shooting craps on that date, and testifies they were both against relator for the same transaction. That he had made two affidavits, the latter one on the 16th of August, 1911, and these affidavits were made upon his personal knowledge, that he saw relator shooting craps, and saw him bet more than one time, in fact several times on the same game. The justice of the peace of that precinct was introduced, and stated that he had been justice of the peace since the first of December, 1910, and that R. S. Greer was his predecessor; that the criminal docket kept by his predecessor was turned over to him as part of the records of his office when he took charge of it. The other docket was one he had kept himself since he had been holding the office, and that the entries on these dockets were correct. The complaint against the relator for shooting craps was signed by Jim Arrington, under which he was convicted, and dated August 16, 1911, and filed in his court on that date. That some days after that

judgment was rendered against relator, and a capias pro fine, subsequent to that, was issued to execute the judgment. The affidavit of the 28th of June, 1909, was introduced and identified, and charged relator with playing at a game with dice called craps on the 26th of June, 1909, and filed on 28th of June, 1909.

This case, after conviction, was appealed to the County Court of Dallas County, and filed in that court on the 6th of July, 1909. The judgment of the Justice Court of June 28, 1909, was also introduced, showing the conviction. It was then shown that the case was filed in the County Court of Dallas County, on the 6th of July, 1909. That on September 17th, in the County Court, an order was entered passing the case on account of relator's sickness; that was dated, under this record, 1910. The bond was forfeited, and the alias capias ordered issued. In April, 1911, the case was dismissed on motion of the county attorney, in the County Court of Dallas County. Relator then introduced the minutes of the Justice Court of precinct No. 7 of Dallas County, as identified by Justice Grigsby, which shows the complaint was filed on the 16th day of August, 1911, made by Arrington against relator, charging him with gaming. The warrant issued on the 16th day of August, and was placed in Arrington's hands and executed on the 16th of August; subpoena was issued on that date, and returned executed that date. On the 22d of August, the case was heard, and relator waived a jury and entered a plea of guilty, and the court assessed his punishment at ten dollars, and judgment followed. On the 23d of September, by virtue of a capias pro fine from that court, relator was taken into custody, and was held as a convict.

The contention is that this judgment is void, and that there is nothing under which relator can be held, and under the writ of habeas corpus he is entitled to a discharge. We suppose that relator brought both of these matters to the attention of the court in the writ below and here in order to demonstrate that the execution would not be valid under either. It will be observed that the writ of execution or capias pro fine was issued by the justice of the peace. We will not enter into a discussion of this question, for it is not debatable, that when the case was appealed from the Justice Court to the County Court, it passed from his jurisdiction, and he had no further authority to make any order in the case, unless the County Court dismissed the appeal for want of a sufficient appeal bond, and had sent it back to the Justice Court with writ of precedendo. This was not done. On the contrary, after continuing the case a while, appellant's appeal bond was forfeited, and subsequently the county attorney dismissed the case from the docket. This became a finality in the County Court, and there existed under that process no further case against him. The Justice Court could take no further jurisdiction of that matter, because there was no authority in law for him to do so. Ex Parte McNamara, 33 Texas Crim. Rep., 363. Then it is apparent that relator is held by virtue of the latter conviction, which occurred in August, 1911. The com-

plaint was made against him in August, judgment entered in August, and capias pro fine issued about 23d of September, 1911. The latter case then was filed against appellant more than two years after the offense was committed. It is unnecessary here to repeat dates, as they have been previously given.

Article 219 of the Code of Criminal Procedure provides, "For all misdemeanors, an indictment or information may be presented within two years from the commission of the offense, and not afterwards." It is plain then from the reading of this statute that if a prosecution does not occur within two years from the time of its commission, there can be no prosecution. This is the period of limitation fixed by the Legislature. They had authority to fix the period of limitation. This court has no authority to change it. And there is no authority in law to prosecute any citizen of Texas for the violation of the law after the period of limitation has intervened. White v. State, 4 Texas Crim. App., 488; Hickman v. State, 44 Texas Crim. Rep., 533; Monford v. State, 35 Texas Crim. Rep., 237; Temple v. State, 15 Texas Crim. App., 304. To the same effect are the decisions of some of the other States, Nelson v. State, 17 Fla., 195. There is also a case cited as being in the 20th Florida Reports.

This case was then barred at the expiration of two years from the time of the commission of the offense in June, 1909. The latter complaint was filed and prosecution instituted nearly two months after the expiration of the period of limitation, and, therefore, without authority of law. It is said in White v. State, supra, and in all the cases where the question has arisen, not only in this State, but in other States, that it need not be plead in bar at the time of the trial. This was expressly held in White v. State, supra, and in Boughn v. State, 44 Neb., 889.

We are, therefore, of opinion that relator resorted to the proper remedy in applying for the writ of habeas corpus, and that it should have been sustained by the trial court.

For the reasons indicated, the judgment is reversed and the relator is ordered discharged.

*Relator discharged.*