**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Craig Otis CANON, Appellee.**

**No. 19041.**

Court of Civil Appeals of Texas, Dallas.

Dec. 2, 1976.

Rehearing Denied Feb. 16, 1977.

Henry Wade, Dist. Atty., Ronald D. Hinds, Asst. Dist. Atty., Dallas, for appellant.

Stuart C. Hollimon, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

GUITTARD, Chief Justice.

In this driver's-license suspension proceeding, both parties moved for summary judgment. The trial court overruled the motion of the Department of Public Safety and granted that of the licensee, and the Department appeals. The suspension was sought under the habitual violator statute. Tex.Civ.Stat.Ann. art. 6687b, § 22(b)(4) (Vernon 1969), on the ground of four convictions for traffic violations within one year. The licensee admits three of the convictions but asserts that the first of the four is void because of lack of jurisdiction of the court in which the judgment of conviction was rendered. We hold that such lack of jurisdiction is not established.

The disputed conviction is based on a speeding violation that is alleged to have occurred on November 12, 1974. The Department attached to its motion for summary judgment an abstract of the judgment of conviction, styled "Notice of Final Conviction," stating that the licensee was convicted of this offense on February 4, 1975, by a justice of the peace of Mitchell County, Texas, on a plea of guilty. The licensee contends that his summary judgment proof affirmatively shows that the justice of the peace had no jurisdiction because an appeal from an earlier conviction for the same offense was then pending in the county court of Mitchell County. Attached to his motion for summary judgment are a complaint filed November 13, 1974, a transcript reciting a finding of guilty certified by the justice of the peace January 21, 1975, a timely appeal bond, and an order of dismissal by the county judge dated February 4, 1975, the same day as the conviction recited in the notice filed by the Department.

The licensee questions the competency of the "Notice of Final Conviction" to establish a conviction of the offense in question. The competency of the notice for this purpose presents no problem, since the supreme court has expressly held that such a notice is competent proof of a judgment of conviction. *Texas Department of Public Safety v. Casselman,* 417 S.W.2d 146, 149 (Tex.1967). The supreme court has also held that when a conviction is proved by such a notice, it cannot be impeached collaterally in a driver's-license suspension proceeding by proof that the licensee was not present in court when the judgment was rendered. *Texas Department of Public Safety v. Richardson,* 384 S.W.2d 128, 130 (1964).

The licensee contends that so long as an appeal was pending in the county court, the justice of the peace had no jurisdiction to try him for the same offense, and that since the proof shows two inconsistent judgments in the same case on the same

day—one of conviction in the justice court and one of dismissal in the county court— the decision of the county court must control. We do not regard the two judgments as inconsistent. They may be reconciled by the possibility that the case was settled under an arrangement between the defendant and the prosecutor that the case would be dismissed in the county court and that defendant would immediately plead guilty and pay his fine in the justice court, a possibility that gains credence from the recital in the notice of conviction that the defendant pleaded guilty. We see no reason why the case could not have been disposed of in this fashion. In this collateral proceeding, the Department does not have the burden to establish that another complaint was filed and that the defendant was duly summoned before the judgment of conviction was pronounced.

For the reasons stated we hold that the records presented by the licensee are insufficient to establish lack of jurisdiction of the justice of the peace. Therefore, the notice of conviction is sufficient to establish the conviction as a matter of law and requires a summary judgment for the Department, as in *Texas Department of Public Safety v. Casselman, supra.* Accordingly, we reverse the judgment and remand the case to the trial court with instructions to grant the Department's motion for summary judgment and determine the period and terms of the suspension.

Reversed and remanded with instructions.

## ON MOTION FOR REHEARING

No new contention is raised in the licensee's motion for rehearing. Justice Akin, however, in his dissenting opinion raises the point, which the licensee has never mentioned, that the State's motion to dismiss the appeal in the county court provides record evidence that the conviction in the justice court occurred before the dismissal in the county court on the same day and, therefore, at a time when the justice court had no jurisdiction because of the pendency of the appeal. This motion was considered on original submission, but was not discussed because the licensee did not rest his argument on it.

██ The majority of the court are of the opinion that the motion to dismiss, even if considered a part of the record in the case before the justice court, does not establish sufficient grounds for collateral attack because it has not been raised here by the licensee and is inconsistent with the position he has taken on this appeal. We also conclude that the licensee cannot attack the judgment on that ground in this collateral proceeding because the motion to dismiss and his plea of guilty, as shown by the notice of conviction, show that he obtained a dismissal of the appeal by pleading guilty and paying his fine in the justice court. In our opinion, after thus obtaining dismissal of the prosecution in the county court, of which that court had undoubted jurisdiction, the licensee should not now be heard to say that the justice court had no jurisdiction to accept his plea of guilty and receive his fine.

This problem may explain why the licensee has preferred not to call our attention to the contents of the motion to dismiss. In his motion for rehearing, he reaffirms his argument concerning two inconsistent judgments, and he criticizes as speculative, as does the dissenting opinion, our suggestion that the dismissal and plea of guilty may have been the result of an arrangement between him and the prosecutor. The licensee asserts: "No factual basis for such speculation exists. The summary judgment proof shows only that two inconsistent judgments were rendered in the same cause on the same day in different courts." Thus, in effect, the licensee disclaims reliance on the motion to dismiss as record evidence supporting his attack on the jurisdiction of the justice court.

This disclaimer is understandable in view of the language of the motion to dismiss, which, in our opinion, raises an inference going well beyond the point of speculation that there was, indeed, an arrangement between him and the prosecutor. It recites that the cause has been "remanded back to

the Justice Court, and such fine as was imposed upon defendant, has been paid." The notice of conviction recites a plea of guilty on February 4, 1975. In view of this evidence from the record, it is most unlikely that the licensee would have pleaded guilty and paid a fine in the justice court if the prosecutor had not agreed to dismiss the appeal in the county court.

Since the licensee, for whatever reason, has chosen not to call our attention to the motion to dismiss, we do not think that we should raise it on our own motion and consider it as record evidence for a collateral attack on the judgment. So to consider it would be to reject any counterarguments before the Department has the opportunity to present them. One possible counterargument, which would seem persuasive, is that a party cannot treat a judgment as both valid and invalid. Thus, it has been held that a party cannot invoke the jurisdiction of an appellate court and then take the position in a subsequent proceeding that the court had no jurisdiction because the judgment appealed from was not final. *Lobit v. Crouch,* 323 S.W.2d 618, 620 (Tex.Civ.App.—Austin 1959, writ ref'd n. r. e.). This holding is an application of the general rule that a party is not allowed in a subsequent judicial proceeding to take a position in conflict with a position taken by him in a previous judicial proceeding, where the latter position is to the prejudice of the adverse party. *Smith v. Chipley,* 118 Tex. 415, 16 S.W.2d 269, 276 (1929). To permit a party to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its orders upon the ground that it had no jurisdiction would be to allow one to trifle with the courts. *Spence v. State National Bank,* 5 S.W.2d 754, 756 (Tex.Com.App.1928, jdgmt adopted).

Although these cases are not exactly in point on the facts, the principles announced present a serious obstacle to any contention by the licensee that the State's motion to dismiss constituted record evidence that the justice court had no jurisdiction when it rendered the judgment of conviction on February 4, 1975. That judgment, notwithstanding the asserted lack of jurisdiction, when considered with his plea of guilty and his payment of the fine, would surely bar any further prosecution on the same charge. *See Davis v. State,* 37 Tex.Cr.R. 359, 39 S.W. 937, 938 (1897). We conclude that the licensee's acceptance of the benefits of that judgment now prevents him from attacking it in this collateral proceeding.

We do not hold that a prosecution pending on appeal in the county court may be "remanded" to the justice court so as to authorize the justice court to carry out its original judgment. Neither do we decide that the justice court has jurisdiction to try a defendant again for an offense when an appeal from a conviction for the same offense is still pending in the county court. We recognize that jurisdiction cannot be conferred by agreement. We do not agree, however, that a defendant may obtain a dismissal of an appeal in the county court on an understanding or representation that he has pleaded guilty and paid his fine in the justice court, or that he will do so, and then assert in a subsequent license-suspension proceeding that the justice court had no jurisdiction to convict him. We conclude that he should not be permitted to trifle with the judicial system in this manner.

In this respect, we believe that the reasoning of the supreme court in *Texas Department of Public Safety v. Richardson,* 384 S.W.2d 128, 130 (Tex.1964), is applicable here. There, the supreme court held that a notice of conviction from the justice court cannot be impeached collaterally by an affidavit of the defendant's lawyer that defendant was not present in court when the judgment was rendered. Justice Norvell, writing for the supreme court, pointed out that it would be anomalous to say that an offender who fails to keep his promise to appear for trial of a misdemeanor, but sends in to the court the amount fixed for the offense before the time he promised to appear, thereby places himself beyond control of the administrative authorities in a subsequent license-suspension proceeding.

The supreme court held, accordingly, that if the offender wishes to attack an irregular judgment not wholly void upon its record, such an attack must be made in the court which rendered the judgment or which has authority to review it, and not by collaterally attacking such a conviction in a subsequent civil proceeding to suspend his license. In the present case, even if the motion to dismiss should be considered as record evidence, as distinguished from the affidavit of the lawyer relied on in *Richardson,* we conclude that the licensee's evident participation in the disposition of the appeal by pleading guilty and paying his fine in the justice court prevents him from relying on the motion to dismiss in the collateral proceeding, and since he does not rely on it, neither should this court consider it in determining whether he has shown that the justice court had no jurisdiction.

Motion overruled.

AKIN, Justice, dissenting.

I cannot agree that the Department of Public Safety established by summary-judgment evidence that licensee had been convicted of four moving traffic violations within one year as required by Tex.Rev.Civ. Stat.Ann. art. 6687b § 22(b)(4) (Vernon 1969). I would, therefore, grant rehearing and affirm the judgment of the trial court. The Department's summary-judgment evidence consisted of notices of conviction filed by the clerk of the justice court with the Department. Since licensee admits three of the convictions, the crucial issue is whether the "Notice of Final Conviction" dated February 4, 1975, in cause number 21751 represents a valid judgment of conviction by the justice court.

The disputed conviction is based on a speeding violation that is alleged to have occurred on November 12, 1974. Attached to the Department's motion for summary judgment is an abstract of the judgment of conviction, styled "Notice of Final Conviction," stating that the licensee was convicted of this offense on February 4, 1975, by a justice of the peace of Mitchell County, Texas, on a plea of guilty. The crucial

issue is whether this notice of final conviction of February 4, in cause number 21751, represents a valid judgment of conviction by the justice court. In attacking the validity of the notice, the appellee-licensee produced as summary-judgment evidence the complaint filed November 13, 1974, a judgment reciting a finding of guilty in cause number 21751 certified by the justice of the peace on January 21, 1975, a timely appeal bond, and a motion by the county attorney and an order of dismissal by the county court dated February 4, 1975, the same day recited in the notice of conviction. The motion and order read:

MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the State by her County Attorney and asks the Court to dismiss the above entitled criminal action for the following reason, to-wit: *this cause has been remanded back to the Justice Court, such fine as was imposed upon defendant, has been paid.*

WHEREFORE, premises considered, the State prays that this cause be dismissed for the reason above stated.

s/ Perry Barber
_____
Perry Barber, County Attorney

ORDER

On this the 4th day of February, 1975, *came on to be considered the above Motion of the State,* and the Court being of the opinion that the same should be dismissed, it is, therefore, ORDERED that this cause be, and the same is hereby dismissed from the docket of this Court.

s/ Bill F. Carter
_____
Bill F. Carter, County Judge
[emphasis added]

This motion and order show affirmatively, as licensee vigorously asserts, that the justice court lacked jurisdiction when it found the licensee guilty of the offense of

speeding on February 4, 1975, as shown by the Department's notice of conviction in cause number 21751. Although a notice of conviction is prima facie evidence of a judgment of conviction for the offense recited in the notice, *Texas Department of Public Safety v. Richardson,* 384 S.W.2d 128, 130 (Tex.1964), the notice may be rebutted if the invalidity of the underlying judgment appears in the record of that case. The record cannot merely contain "seeds of infirmity," *Texas Department of Public Safety v. Casselman,* 417 S.W.2d 146, 148 (Tex. 1967); the invalidity must appear on the face of the record. *Richardson* at 130–31; *see Stewart v. Anderson,* 70 Tex. 588, 8 S.W. 295 (1888).[1] *Cf. Crowe v. Texas Department of Public Safety,* 406 S.W.2d 201, 203 (Tex.1966); *Department of Public Safety v. Guleke,* 366 S.W.2d 662, 664 (Tex.Civ. App.—Amarillo 1963, no writ) *cited with approval in Texas Department of Public Safety v. Miller,* 386 S.W.2d 760, 764 (Tex. 1964) [rebuttal of notices of conviction by showing that there were no underlying judgments of conviction]. I conclude that since the record of the proceedings in the county court, including the motion and the order of dismissal, are part of the record of the entire proceeding against licensee for this traffic violation, this evidence may be looked to in order to determine if the judgment of conviction is valid. When licensee appealed the justice court's January 21 conviction to the county court, the justice court lost all jurisdiction of the cause. *Ex parte Hoard,* 63 Tex.Cr.R. 519, 140 S.W. 449 (1911); *McNamara v. Druse,* 33 Tex.Cr.R. 363, 26 S.W. 506 (1894); *Hall v. McKee,* 179 S.W.2d 590 (Tex.Civ.App.—Fort Worth 1944, no writ); *Knight v. Texas Department of Public Safety,* 361 S.W.2d 620 (Tex. Civ.App.—Amarillo 1962, no writ). The record with respect to this violation shows on its face that the judgment of conviction rendered by the justice court on February 4, on which the notice of conviction of that date is based, is void because it was rendered when the county court had exclusive jurisdiction.

The majority opinion speculates that the case may have been settled under an arrangement between the licensee and the county attorney. No factual basis exists in this record for such speculation. To the contrary, the record shows that the justice court found the licensee guilty *before* the county court entered its order of dismissal and lacked, therefore, the jurisdiction to do so. Thus, it was void. Indeed, the very basis of the dismissal in the county court was because "this cause has been remanded back to the justice court, and such fine as was imposed upon the defendant, has been paid."

In my opinion, this record conclusively shows that the notice of conviction was rebutted by the motion and order of dismissal in the county court. *Richardson* at 131. Since the notice of such judgment has been contradicted so as to destroy its value as prima facie evidence of an underlying judgment of conviction by the justice court, there is no summary-judgment evidence of an underlying judgment. Therefore, I would affirm the judgment of the trial court.

The majority's opinion on rehearing indicates that the basis of my dissent is a theory not advocated by the licensee. However, as I read licensee's motion for rehearing, the very heart of it is the lack of jurisdiction of the justice court to convict licensee of speeding and the error of this court in giving effect to a notice of conviction of a void judgment. Indeed, he states:

> In the present case any prima facie presumptions otherwise carried by the notice of conviction dated February 4, 1975, were rebutted by the record of the Mitchell County proceeding which shows that on the same day and for the same offense the County Court entered an Order dismissing that cause.

Neither am I persuaded by the majority's estoppel theory that would prevent the licensee from attacking the void notice of conviction. In support of its position, the majority cites *Spence v. State National Bank,* 5 S.W.2d 754, 756 (Tex.Com.App.

---

1. Spelling conforms to official Texas Reports rather than Southwestern Reporter.

**308**

1928, jdgmt adopted) for the proposition that to permit one to invoke the exercise of the jurisdiction of a court and then to reverse its orders upon the ground that it had no jurisdiction would be to allow one to trifle with the courts. Although I agree with this principle, it is specious to say that the licensee, rather than the state, invoked the jurisdiction of the justice court to find him guilty of a traffic violation. Whether licensee paid a fine or pleaded guilty is immaterial if he did so when the justice court lacked jurisdiction. Consequently, the judgment of the trial court should be affirmed.