Affirmed and Opinion filed July 24, 2007








Affirmed and Opinion filed July 24, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00736-CR

____________

 

CHRISTOPHER VOMAKOYIMA TITA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1075284

 



 

O P I N I O N








Appellant, Christopher Vomakoyima Tita, was charged by
indictment with aggregated theft by a government contractor of over $200,000.  See
Tex. Penal Code Ann. ' 31.03(f)(2)
(Vernon Supp. 2006).  Appellant entered a plea of not guilty and the case
proceeded to trial before a jury.  After considering the evidence, the jury
found appellant guilty as charged in the indictment.  The jury subsequently
assessed appellant=s punishment at confinement in the state
penitentiary for 23 years and assessed a fine of $10,000.  In two related
points of error, appellant contends (1) the trial court erred in overruling his
motion to dismiss the indictment which was barred by limitations, and (2) the evidence
was insufficient to show that prosecution for the offense at issue was not
barred by limitations.  We affirm.

The evidence shows appellant was a pharmacist who
fraudulently submitted over $600,000 in Medicaid reimbursement claims to the
Texas Department of Health and Human Services between June 1998 and October 31,
2000.  Appellant falsely alleged he had supplied expensive medications to
patients covered by Medicaid insurance.  The Texas Department of Health and
Human Services paid these claims until the theft was discovered when a patient
disputed a medication on her explanation of benefits.

In his first point
of error, appellant contends the trial court should have dismissed the
indictment because it did not reflect on its face that the offense was
committed within the applicable statute of limitations.  The statute of
limitations for theft by a government contractor is five years.  Tex. Code Crim. Proc. Ann. art.
12.01(4)(A) (Vernon 2005).  The indictment alleged, in pertinent part, that
appellant:

. . . heretofore
on or about June 28, 1998 and continuing through to October 31, 2000, did then
and there unlawfully, intentionally and knowingly, while a government
contractor, namely, a Medicaid provider, pursuant to one scheme and continuing
course of conduct, appropriate, by acquiring and otherwise exercising control
over property, namely, money, owned by Sharon Thompson, hereafter called the
Complainant, of the value of over two hundred thousand dollars with the intent
to deprive the Complainant of the property, and said property came into the
Defendant=s custody, possession and control by virtue of the
contractual relationship.

Because
of the continuing nature of an aggregated theft, the effective date of the offense
alleged here is October 31, 2000.  See King v. State, 17 S.W.3d 7, 13
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d) (holding that
in the case of aggregated theft, the statute of limitations does not begin to
run until the date of the commission of the final incident of theft).  Here,
the indictment was returned by the grand jury on July 3, 2006Ca date clearly
outside the five-year statute of limitations.








The State contends, however, that the statute of
limitations was tolled by a series of previous indictments.[1] 
The record reflects appellant was first indicted for this offense on March 14,
2005 in cause numbers 1019874 and 1019875.  He was then reindicted for this
offense in cause numbers 1028872 and 1028873 on May 31, 2005.  All of these
previous indictments were returned within the statute of limitations. 
Appellant does not dispute the fact that these indictments were returned within
the limitations period, but argues the State was obliged to include a tolling
allegation on the face of its current indictment.

Statutes of limitation were formerly considered
jurisdictional in nature.  In other words, because the legislature had fixed a
period of limitation, there was Ano authority in
law to prosecute any citizen of Texas for [a] violation of the law after the
period of limitation [had] intervened.@  Ex parte
Hoard, 63 Tex. Crim. 519, 140 S.W. 449, 451 (1911).  Thus, Aif the pleading,
on its face, [showed] that the offense charged [was] barred by limitations the
complaint, information, or indictment [was] so fundamentally defective that the
trial court [did] not have jurisdiction.@  Ex parte
Dickerson, 549 S.W.2d 202, 203 (Tex. Crim. App. 1977).  Accordingly, if the
State sought to take advantage of some exception or circumstance tolling the
period of limitations, it was incumbent upon the State to both plead and prove
the exception.  Cooper v. State, 527 S.W.2d 563, 565 (Tex. Crim. App.
1975).  This was done in a Atolling paragraph@ on the face of
the indictment which set forth the facts or circumstances allegedly tolling the
period of limitations.








In 1993, however, the Court of Criminal Appeals radically
altered its view of limitations.  The court held that in light of amendments to
Tex. Const. art. V, ' 12, Aan indictment which
charges the commission of an offense barred by limitations still confers
jurisdiction upon the trial court, such that the defendant must bring the
defect to the attention of the trial court in order to preserve any error.@  Yount v.
State, 853 S.W.2d 6, 8 (Tex. Crim. App. 1993)  Rather than being
jurisdictional in nature, a Astatute of limitations is an act of grace
for the benefit of potential defendants, a voluntary surrendering by the people
of their right to prosecute.@  Proctor v. State, 967 S.W.2d 840,
843 (Tex. Crim. App. 1998).  Thus, the statute of limitations is a defense
that may be waived or forfeited by the defendant=s failure to
assert it before or during trial.  Id. at 844.

The Legislature
has decreed that the State need not negate the existence of a defense or
affirmative defense in its charging instrument.  Tex. Penal Code Ann. '' 2.03(b) &
2.04(b) (Vernon 2003).  Accordingly, there is no longer any logical
justification for the necessity of a tolling paragraph in an
indictment.  However, jurisprudential inertia often perpetuates extinct
doctrines long after their logical demise.  As recently as 2005, the Court of
Criminal Appeals held that some type of tolling allegation is still required on
the face of the indictment.  Ex parte Smith, 178 S.W.3d 797, 803 (Tex.
Crim. App. 2005) (per curiam).  Although it relaxed the specificity formerly
required in tolling allegations and held that defects in a tolling paragraph
can never rise to the level of Afundamental@ error, the court
persisted in the notion that some tolling allegation must appear on the face of
the indictment:

. . . if the State=s pleading includes a Atolling paragraph,@ Aexplanatory averments,@ or even Ainnuendo allegations,@ this suffices to show that the
charged offense is not, at least on the face of the indictment, barred by
limitations.

Of course, a tolling paragraph may neglect to include names, dates,
manner and means, and so forth.  A tolling paragraph need not be alleged with
the same degree of particularity as we would expect of an allegation of the
charged offense, but any purported defects of form and substance in either the
charge or the tolling paragraph relate to notice and must be brought to the
trial court=s attention before trial or they are waived.  These
specificity defects are reparable.  They do not destroy a trial court=s power or
jurisdiction to proceed, and they may not be raised by means of a pretrial writ
of habeas corpus.  Instead, they may and must be raised in a motion to quash or
motion to dismiss the pleading.








Id.  The court,
however, did not directly address the issue presented hereCwhat consequences
flow from the State=s failure to include any type of
tolling allegation on the face of the indictment.

At least two courts of appeals have considered the
necessity of including tolling averments on the face of an indictment after Yount
and Proctor.  In Burgett v. State, 865 S.W.2d 594, 600 (Tex. App.CFort Worth 1993,
pet. ref=d), the Second
Court of Appeals held that a tolling paragraph need not be included on the face
of an amended indictment.  Likewise, in DeLeon v. State, No.
07-00-00189-CR, 2001 WL 246580, at *3 (Tex. App.CAmarillo Mar. 31,
2001, pet. ref=d) (not designated for publication), the Seventh Court
of Appeals held an indictment is not defective for failing to allege facts
tolling the statute of limitations.  Because a tolling paragraph is no longer
necessary to convey jurisdiction to the trial court, we agree.  Here, appellant
asserted his limitations defense as he was required to do.  The State responded
by showing previous indictments regarding the same subject matter that toll the
statute of limitations.  Appellant=s first point of
error is overruled.

In his second point of error, appellant claims the evidence
is insufficient to support his conviction because the State failed to show the
offense occurred within the period of limitations.  The record reflects that
appellant filed a motion to dismiss the indictment.  One ground contained in
the motion was that the prosecution was barred by limitations.  At a hearing on
the motion, the State=s attorney asked the trial judge to take
judicial notice of previous indictments filed in his court that were obtained
prior to the expiration the limitations period and which served to toll the
statute of limitations.  The trial judge apparently granted the request because
he subsequently denied appellant=s motion to
dismiss.








On appeal, appellant contends the evidence is insufficient
because (1) the State never introduced the prior indictments into evidence for
the jury to consider and (2) the court never included an appropriate
tolling instruction in its jury charge.  However, appellant apparently never
raised the issue before the jury.  Appellant has not cited, and we have not
found, any place in the record where he asserted or raised the defense of
limitations before the jury.  Accordingly, the State was not put to its burden
of proof regarding the tolling of the limitations period.  Cf. Hernandez v.
State, 161 S.W.3d 491, 499 (Tex. Crim. App. 2005) (declaring that State has
no burden to disprove entrapment defense until it is raised before the jury); Kearney
v. State, 181 S.W.3d 438, 444 (Tex. App.CWaco 2005, pet.
ref=d) (stating that
State has no burden of showing voluntariness of a confession until defendant
raises an issue of voluntariness).  Appellant=s second point of
error is overruled.

The judgment of the trial court is affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed July 24, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

Publish C Tex. R. App. P. 47.2(b).









[1]  AThe time during
the pendency of an indictment, information, or complaint shall not be computed
in the period of limitation.@  Tex. Code Crim. Proc. Ann. art.
12.05(b) (Vernon 2005).