# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00120-CV

**Buc-ee's, Ltd., a/k/a Buc-ee's, Inc., Appellant**

**v.**

**John J. Hribek, Appellee**

## FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
## NO. 13,050, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Buc-ee's, Ltd., a/k/a Buc-ee's, Inc., appeals from the take-nothing summary judgment on its claims against John J. Hribek. Concluding that Hribek's release of claims against Buc-ee's was not invalidated as a matter of law by the Older Worker Benefit Protection Act and that there is a genuine issue of material fact regarding whether the release was knowing and voluntary, we reverse the summary judgment and remand for further proceedings consistent with this opinion.

Buc-ee's is a company that owns and manages convenience stores. Hribek managed one of Buc-ee's stores. On October 5, 2004, he met with Buc-ee's assistant to the president, Pete Alexander. By the end of that meeting, Hribek agreed to resign effective October 26, 2004, and signed a "Full and Final Release" of claims against Buc-ee's in which he agreed to indemnify Buc-ee's and hold it harmless from all claims that could be brought in Hribek's name against Buc-ee's. The Release also states that Hribek agreed not to file for unemployment or any other benefit

from a state or federal agency. The next day, however, Hribek attempted to revoke the Release—in writing—pursuant to the Older Worker Benefit Protection Act (OWBPA). *See* 29 U.S.C.A. § 626(f)(1)(G) (West 2008). Buc-ee's nevertheless paid Hribek consistent with the terms of the Release, and Hribek retained those funds.

Hribek thereafter filed several claims. He filed for unemployment benefits and filed suit, alleging that Buc-ee's discriminated against him because of his disability (a surgically repaired hernia) and his age (46 years old), and that Buc-ee's retaliated against him in violation of the Family Medical Leave Act because he took time off for the surgery.

Buc-ee's filed a counterclaim alleging that Hribek damaged it by breaching the Release. Buc-ee's then removed the case to federal court, which granted a take-nothing summary judgment on all of Hribek's claims against Buc-ee's. The federal court remanded Buc-ee's counterclaim to state court. Hribek moved for summary judgment on Buc-ee's claims, contending that the release was invalid because it did not comply with the OWBPA, because it was not entered knowingly and voluntarily, and because it was signed under duress. Buc-ee's moved for summary judgment, contending that Hribek ratified the Release by accepting and retaining the payments made by Buc-ee's. The trial court granted Hribek's motion for summary judgment on Buc-ee's counterclaims without specifying a basis.[1] Buc-ee's motion for summary judgment was denied.

---

[1] The clerk's record indicates that Buc-ee's motion for summary judgment was denied separately from the order granting Hribek's motion for summary judgment. Buc-ee's expressly appealed from the order granting Hribek's motion.

We review summary judgments de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). The standards for reviewing a summary judgment are well established: (1) the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether a disputed issue of material fact exists that would preclude summary judgment, we take all evidence favorable to the non-movant as true; and (3) we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When the trial court's order does not specify the grounds for granting summary judgment, the appellate court must affirm if any of the theories presented in the summary judgment motion have merit. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). When, as in this cause, both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented and render the judgment the trial court should have rendered. *Texas Workers' Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004); *Tobin v. Garcia*, 316 S.W.2d 396, 400 (Tex. 1958).[2]

---

[2] Hribek argues that the Buc-ee's motion is outside the scope of our review because Buc-ee's did not appeal from the denial of its motion, but specified only its desire to appeal the order granting Hribek's motion for summary judgment. The rules of appellate procedure do not require that an appellant explicitly state every aspect of its appeal in its notice of appeal. *See* Tex. R. App. P. 25.1(d). Buc-ee's motion for summary judgment is part of the record on appeal. Although the order denying Buc-ee's motion was not made part of the record, the trial court's docket sheet reveals that Buc-ee's motion was denied on the same date that Hribek's motion was granted—the date specified in Buc-ee's notice of appeal as the date of the order Buc-ee's sought to appeal. Further, the judgment granting Hribek's motion states that the court thereby dismisses Buc-ee's claims and disposes of all parties and claims. Buc-ee's motion, premised on the idea that Hribek ratified the terms of the Release by accepting its benefits and is therefore bound by its terms,

3

Hribek leans heavily on the application of the OWBPA to provide a basis for his revocation of the Release. However, the OWBPA does not apply to every aspect of Buc-ee's motion for summary judgment. Hribek made claims other than age discrimination which were purportedly covered by the Release. The OWBPA, however, is an amendment to the Age Discrimination in Employment Act that governs the validity of waivers executed without EEOC supervision. *Blakeney v. Lomas Info. Sys.*, 879 F. Supp. 645, 647-48 (N.D. Tex. 1995). Its provisions regarding the requisites of waivers govern age discrimination claims, but do not affect other types of claims brought by persons older than 40 years of age. *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 936 (5th Cir. 1994). Even if the OWBPA rendered the Release invalid as to Hribek's age discrimination claims, it does not bear on the validity of his waiver of his other claims. The district court erred if it granted summary judgment based on the failure of the release of non-age discrimination claims to comply with the OWBPA. Further, Hribek's argument that he revoked the Release under the OWBPA does not support the summary judgment that the Release was not binding on him as to claims other than age discrimination claims. *See id.*

Fact issues demonstrate error in the summary judgment if it was based on the lack of knowing and voluntary waiver. Courts should examine the following factors when assessing whether a waiver was knowing and voluntary:

---

is incompatible with the theory in Hribek's motion that the Release does not bind him. Given the nature of the motions and the long-standing precedent that, in a case in which competing motions for summary judgment were filed, a court reviewing the grant of one motion must also review the denial of the competing motion, *see Texas Workers' Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004), we conclude that Buc-ee's notice of appeal of the grant of Hribek's motion is sufficient to require review of the denial of Buc-ee's competing motion.

4

> (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of [the] plaintiff in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether the plaintiff was represented by or consulted with an attorney, and (6) whether consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

*Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002) (quoting *O'Hare v. Global Natural Res.*, 898 F.2d 1015, 1017 (5th Cir. 1990)). There was evidence favoring both sides on many of these factors. Although Hribek was not an employment lawyer, he had some college education and experience managing not only the Buc-ee's store but also a Super S Food Store. There was no evidence that he was incapable of reading or understanding the waiver, particularly the parts where he promised not to file for unemployment benefits or file suit against Buc-ee's. Although he signed the waiver at the same meeting it was proposed and negotiated, there was no evidence he was required to do so. Although Hribek did not recall whether he read the waiver, he testified at his deposition that he was not denied the opportunity to read it. There is evidence that Hribek participated in deciding the terms of the agreement because there is evidence that terms relating to his compensation were added at his request. While the waiver could be clearer in some aspects, it plainly states that Hribek will indemnify and hold harmless Buc-ee's "from any and all claims, demands, actions and causes of action . . . which may hereafter be asserted by any person, firm, attorney or corporation whomsoever claiming by, through or under John Hribek." It also states that Hribek "will not file a unemployment EEOC, ADA or TWC claim or any other claim with any state or federal agency whatsoever" in connection with Buc-ee's. Hribek did not consult an attorney, and there is no evidence that Hribek received more compensation than was already due him at the time

5

of the negotiation—assuming that he was entitled to remain employed through October 26, 2004. There is at least a genuine issue of material fact regarding whether Hribek's waiver was made knowingly and voluntarily.

Similarly, there is a genuine issue of material fact regarding whether Hribek signed the release under duress. Duress requires proof of a threat by a party to do something it has no legal right to do that destroys the free agency of the party to whom it is directed, overcomes the threatened party's will, and causes the threatened party to do that which he would not otherwise do and was not legally bound to do. *Sheshunoff v. Sheshunoff*, 172 S.W.3d 686, 703 n.12 (Tex. App.—Austin 2005, pet. denied) (citing *Matelski v. Matelski*, 840 S.W.2d 124, 129 (Tex. App.—Fort Worth 1992, no writ)). The restraint caused by such threat must be imminent and such that the person to whom it is directed has no present means of protection. *Id.* Hribek's deposition testimony provides some evidence that, although he may have felt pressure to resign, he was not threatened improperly. He also testified that he was not forced to sign the release, although he did feel rushed. This evidence reveals at least a genuine fact issue regarding whether Hribek signed the release under duress. The summary judgment in favor of Hribek is not supported by the record and the law.

Buc-ee's contends by its cross-appeal that the trial court erred by denying its motion for summary judgment premised on the theory that, regardless of whether the Release was voidable, Hribek ratified the Release by retaining the payments Buc-ee's made and, consequently, Hribek breached the Release by suing Buc-ee's. On appeal, Buc-ee's requests that this Court "reverse the judgment and either (1) render judgment for Buc-ee's and remand the case to the trial court with instructions to determine and award Buc-ee's damages, or (2) remand the case with

6

instructions to the trial court to grant Buc-ee's motion for summary judgment and determine and award Buc-ee's damages."

We conclude that the rules of appellate procedure prohibit us from providing either form of requested relief under the procedural posture of this case. Texas Rule of Appellate Procedure 44.1(b) provides that "[t]he court may not order a separate trial solely on unliquidated damages if liability is contested." *See Redman Homes, Inc. v. Ivy*, 920 S.W.2d 664, 669 (Tex. 1996). Hribek contests his liability by challenging whether he is bound by the Release. Buc-ee's states in its brief that it "has not had an opportunity to prove its damages." The Release does not contain a liquidated damages clause. In fact, the Release does not contain a clause contemplating the consequences of breach by either party. The Release did not specify the total amount that Buc-ee's was to pay Hribek, calling for "3 weeks pay @ $585 per wk, plus vacation hours, and bonus for Sept. & part Oct. (through Oct. 26)." Although Buc-ee's transferred funds to Hribek purporting to satisfy the vacation and bonus obligations, it is not clear from the record that mere return of the funds transferred encompasses the full scope of Buc-ee's damages. Buc-ee's damages from any breach are unliquidated and, therefore, we cannot render judgment as to liability and remand solely for trial on those damages. Because the rules require us to remand the liability issue as well, any opinion on liability with respect to ratification would be advisory. We are not permitted to issue advisory opinions. *See South Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 307 (Tex. 2007).[3]

---

[3] Buc-ee's cites cases in which courts reversed judgments, considered liability issues, and remanded for further proceedings, but neither involved a liability determination coupled with a remand solely of unliquidated damages issues. *See City of Pasadena v. Gennedy*, 125 S.W.3d 687, 702 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (reversing judgment and remanding with instructions to render particular judgment and consider claims for attorney's fees); *see also*

We reverse the summary judgment granted in favor of Hribek on Buc-ee's counterclaim. We remand this cause for further proceedings.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson;
    Concurring Opinion by Justice Henson

Reversed and Remanded

Filed: December 31, 2009

---

*Texas Dep't of Pub. Safety v. Canon*, 547 S.W.2d 302, 304 (Tex. Civ. App.—Dallas 1976, writ ref'd n.r.e.) (reversing and remanding with instructions to trial court to grant motion for summary judgment on certain issues and to determine length and terms of license suspension). Unliquidated attorney's fees are not considered unliquidated damages for purposes of Rule 44.1(b). *Brown v. Traylor*, 210 S.W.3d 648, 659 n.15 (Tex. App.—Houston [1st Dist.] 2006, no pet.).